JOHN ARTHURS, JOHN NICHOLSON, JONAS R. McCLINTOCK, AND WILLIAM STEWART, CARRYING ON BUSINESS UNDER THE FIRM AND NAME OF ARTHURS, NICHOLSON, AND CO., PLAINTIFFS IN ERROR, *v.* JESSE HART.

Where a jury is waived, and questions of law and fact decided by the court in Louisiana, the rules of the state appellate court require that the whole evidence should be put into the record. But where a case is brought up to this court, by writ of error from the circuit court of the United States for Louisiana, the rules of this court only require that so much of the evidence should be inserted as is necessary to explain the legal questions decided by the court.

Consequently, the mere fact, that some of the evidence given below is omitted from the record, is not of itself sufficient to prevent this court from examining the questions of law presented by the record.

Where the court decides questions both of law and fact, the admission of improper testimony is not the subject of a bill of exception, although the exclusion of proper testimony is so.

The rule stated, according to which the appellate court should review the legal questions involved in the final judgment of the court below, which has decided both law and fact; and the mode pointed out by which counsel should separate the two classes of questions.

In an action upon a bill of exchange by a *bonâ fide* assignee against the acceptor, it is no good defence that the bill was accepted in order to pay for a sugar-mill which was defective; that the drawers of the bill had promised to put it in order, and that the assignee of the bill knew these facts. The acceptor of the bill relied upon this promise to protect his rights, and not upon a refusal to pay the bill when due.

THIS case was brought up, by writ of error, from the circuit

court of the United States for the eastern district of Louisiana.

In 1847, Hart, who was a citizen of Louisiana, employed Nicholson and Armstrong, of Pittsburg, Pennsylvania, to build and put up a sugar-mill and engine upon his plantation. The mill and engine were put up, and a part of the purchase-money paid. For the balance, a bill of exchange was drawn on March 1, 1848, by Nicholson and Armstrong upon, and accepted by, Hart, to the order of James Arthurs and Brothers, and by them indorsed to Arthurs, Nicholson, and Co. The bill was payable twelve months after date, and was for the sum of $2,540.65. At maturity, the bill was presented for payment, and, payment being refused, was protested. Hart alleged that when the bill was accepted, it was with the understanding that the builders would remedy certain defects in the sugar-mill and engine, and that the holders of the bill knew of this arrangement.

In May, 1849, the plaintiffs in error, the holders of the bill, brought suit, by way of petition, according to the Louisiana practice, in the circuit court of the United States.

The cause was tried by the court without the intervention of a jury.

The following bill of exceptions states the point of evidence upon which the case came up to this court.

Be it remembered, that, on the trial of this cause, the defendant offered to prove, by the testimony of Francis Armstrong, that Mr. Arthur, Mr. Nicholson, and witness, went to the levee, on board the steamboat Luna, to see Captain Hart, in reference to the second payment; that he (Captain Hart) complained that the machinery had not worked well, that it was not then running; that he complained, that, from the bad working of the sugar-mill and engine, he had lost juice, and he required us to deduct the interest then due; that Messrs. Arthur and Nicholson suggested that Captain Hart should accept a bill of exchange for the balance then due, after deducting the interest; that it was understood that the sugar-mill and engine were to be put in first-rate order, and that Captain Hart then agreed to accept a bill; to the introduction of said evidence, or of any conversation, or of any agreement and understanding of the parties, previous to and at the time of accepting the bill sued upon, the plaintiff objected, for the reason that such evidence, or conversation, or agreement, or understanding, would tend to convert an absolute into a conditional acceptance; that it would either vary and contradict the written agreement entered into by the parties; and plaintiffs also objected to the competency of the witness, Francis Armstrong, to testify in this case, for the reason that he was one of the drawers of the bill of exchange sued

upon. All of which objections were overruled by the court; to which ruling plaintiffs excepted; and tendered this their bill of exceptions, which is filed and signed by the court.

THEO. H. MCCALEB, [SEAL,]
*U. S. Judge.*

Judgment was rendered for the plaintiffs for the sum of $1,743.50 with interest.

The plaintiffs, thinking that the judgment ought to have been for the whole amount of the bill, brought the case up to this court.

It was argued by *Mr. Wylie,* for the plaintiffs in error, and by *Mr. Lawrence,* for the defendants.

*Mr. Wylie,* for plaintiffs in error.

There are two principal points which present themselves upon the record in this case.

First, whether the court below ought not to have entered a judgment in favor of plaintiffs, for the whole sum expressed upon the face of the bill, with interest, &c.

And second, whether this court, under its decisions, will reverse the judgment of the court below in this case, if erroneous in law.

First question. That the decision of the court was erroneous on this point would seem to be clear. In Townsend *v.* Sumrall, 2 Pet. 170–183, it was held by this court, that "if the holder of a bill of exchange, at the time of taking the bill, knew that the drawee had not funds in his hands belonging to the drawer, and took the bill on the promise of the drawee to accept it, expecting to receive funds from the drawer; the promise of the drawee to accept the bill constitutes a valid contract between the parties, notwithstanding the failure of the drawer to place funds in his hands. The acceptance of the drawee of a bill binds him, although it is known to the holder that he has no funds in his hands. It is sufficient that the holder trusts to such acceptance." And in Grant and Casy *v.* Elliott, 7 Wend. 227, it was held, "in an action by the payee against the acceptor, it is no defence that the bill was accepted without consideration, and that fact known to the payee." See also United States *v.* Bank of Metropolis, 15 Pet. 377; 7 Johns. Rep. 361; 7 Smedes and Marsh, 244; Byles on Bills, 150; 2 Wheat. 385; Civil Code, 2256; D'Aquir *v.* Barbour, 4 La Annual R. 441; Henderson *v.* Stone, 1 N. S. 641.

Second point. This case having been submitted to and tried by the court without a jury, a question arises, whether, under the recent decisions of this court, the erroneous judgment of the court below can be corrected. Weems *v.* George et al., 13 How. 190–197; Bond *v.* Brown, 12 How. 254.

In Weems v. George et al., Mr. Justice Grier, in delivering the opinion of the court, says: " When the case is submitted to the judge to find the facts without the intervention of a jury, he acts as a referee by consent of the parties, and no bill of exceptions will lie to his reception or rejection of testimony, nor to his judgment of the law."

Although this principle, thus stated, goes much beyond the doctrine laid down in Bond v. Brown, and is, indeed, considerably modified by the subsequent context of the opinion of Mr. Justice Grier itself, yet we must take it to be the law for the present case.

But the meaning of the court could not have been, that, in such a case, where there was no jury, no judgment of the court, however given and however erroneous, could be reviewed by this tribunal. If there be a simple issue of law between the parties, and the court below should make an erroneous decision, this court would undoubtedly reverse it. It is, therefore, only where fact and law are both referred for the decision of the court below, that such decision is conclusive upon the parties as to the matter of fact in question. So far, then, as the admissibility and competency of the witness in this case, were questions raised by the bill of exceptions, the plaintiffs must be content to submit to the law as settled in Weems v. George.

They, therefore, do not rely upon the bill of exceptions to the admission of Francis Armstrong as a witness, but contend that, upon the face of the pleadings and the whole record, the judgment of the court below was erroneous, and may be reversed by this court. In Field v. The United States, 9 Pet. 202, as cited by Justice Grier, in Weems v. George, Marshall, C. J., in delivering the opinion of the court, says: " As the case was not tried by a jury, the exception to the admission of evidence was not properly the subject of a bill of exceptions. But if the district court improperly admitted the evidence, the only effect would be that this court would reject that evidence, and proceed to decide the cause as if it were not on the record. It would not, however, of itself, constitute any ground for the reversal of the judgment. If the record, therefore, is found to disclose other grounds than an exception to the admission of evidence, for the reversal of the judgment below, this court may reverse a judgment even in a cause submitted to the court below, under the Louisiana practice. The court will look into the whole record." In Garland v. Davis, 4 How. 131, it was decided, " this court can notice a material and incurable defect in the pleadings and verdict, as they are represented in the pleadings to have existed in the court below, although such defect is not noticed in the bill of exceptions, nor suggested by the counsel in argument here

The defendant's answer in this case was materially and incurably defective on its face. Let it be presumed, therefore, that the evidence objected to in the bill of exceptions was strong enough to sustain all and every allegation stated in the answer, still, the plaintiffs were entitled to a verdict for the whole amount of their bill of exchange; for, admitting that the proof did sustain the allegations of the answer, the defence was utterly unsound in law.

Although the bill of exceptions to the evidence in this case may not, for the reasons already stated, be available to the plaintiffs to the full extent of a bill of exceptions to a cause tried with a jury, according to the common law practice; yet, being part of the record, it discloses the fact that the question as to the sufficiency of the defendant's answer, as a defence in this suit, was fully argued, and after argument, decided in the court below. The plaintiffs contend that this decision was erroneous.

*Mr. Lawrence,* for the defendant in error, maintained: —

1. That the judge having determined both the facts and the law, this writ of error cannot be sustained upon the ground that improper testimony has been admitted. There was other testimony in the case, and upon that alone the judgment of the court may have been founded. Field *v.* United States, 9 Pet. 202; United States *v.* King, 7 How. 833; Weems *v.* George, 13 How. 195, 196.

2. The testimony was admissible for the purpose of showing downright fraud on the part of the plaintiffs in error, in procuring the acceptance. Bayley on Bills, 528; Ledger *v.* Ewen, Peake, 216.

3. The evidence was admissible for the purpose of showing the consideration on which the bill was accepted, in order to prove a failure of consideration. Coupy's Heirs *v.* Dufau, 13 Martin, 90; Le Blanc *v.* Sanglier, 12 Martin, 402; Russel *v.* Hall, 20 Martin, 558; 13 Johns. 54; 2 Stark. 166, 204.

4. The evidence was admissible under the plea in reconvention. This is a Louisiana contract. The bill was drawn, indorsed, and accepted in Louisiana. Both the *lex loci contractus* and the *lex fori* are to be regarded in any action upon it.

By the law of Louisiana, the defendant may plead in reconvention any damages, even unliquidated damages, if they are necessarily connected with the same transaction. Here, the bill was accepted in payment of the mill and engine; and the damages arose from the defects in this very mill and engine. Code of Practice, 374–377; Boyd *v.* Warfield, 6 N. S. 671; Orleans Navigation Co. *v.* Bingay, Ib. 688; 2 N. S. 73, 122; 6 N. S. 145.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the circuit court of the United States for the eastern district of Louisiana. The plaintiffs seek to recover the amount of a bill of exchange, drawn by the firm of Nicholson and Armstrong, upon the defendant, for $2,540.65, and accepted by him, in favor of James Arthurs and Brothers, dated March 1, 1848, and payable twelve months from date, and indorsed by the payees to the plaintiffs. The bill of exchange is set forth in the petition, according to the practice in the State of Louisiana, with a prayer that the defendant be condemned to pay the amount due.

The defendant, in his answer, denies the allegations in the petition; and also sets up, that the bill was accepted for the balance of the price of a sugar-mill constructed by the drawers, for his plantation in West Baton Rouge; that the mill was badly constructed, and defective both in the workmanship and materials, and had failed in its operation to do the work intended; that on making known the defects to the drawers, they promised to send competent workmen, before the next ensuing season for grinding sugar, to make the necessary repairs, and put the mill in complete working order, at their own expense; that, confiding in this promise, the defendant accepted, unconditionally, the bill in question. The answer also sets forth, that the drawers had failed to send hands to repair the mill, as agreed, whereby the defendant has suffered damages to the amount of $1,835.65, which sum he demands in reconvention, and asks judgment against the plaintiffs.

The defendant further sets forth, that the payees and indorsees had notice of the defects in the mill, and of the undertaking of the drawers at the time of the acceptance, before the negotiation or transfer of the same.

The cause was tried without a jury; and, on the trial, the defendant admitted the signatures to the bill; and also gave evidence, which was admitted but excepted to, of the facts set up in the answer.

The court gave judgment for the plaintiffs, for $1,743.50. The case is now before us on a writ of error, brought by the plaintiffs, claiming that they were entitled to judgment for the full amount of the bill.

Two preliminary objections have been taken by the counsel for the defendant in error: 1. That, inasmuch as other evidence was given on the trial in the court below than that which has been brought on the record, or is found in the bill of exceptions, for aught that appears, the judgment may have been founded upon that evidence; and, 2. That the cause having been tried without a jury, and the judge having determined the

case upon both the facts and the law, error will not lie for the admission of improper testimony.

It was decided in Phillips v. Preston, 5 How. 278, in the case of a writ of error to the circuit court of the United States in Louisiana, and where the trial by jury had been waived, that the State practice regulating appeals for reviewing the decisions of the inferior courts, which required the return of all the evidence to the appellate court, did not apply; and that only so much of it need be returned, and, indeed, no more should be returned, than was necessary to present the legal questions decided by the court, and which were sought to be reviewed. Evidence bearing exclusively upon questions of fact involved in the case, only incumber the record and embarrass the hearing in this court, as these questions are not the subject of review on error. The mere fact, therefore, that other evidence was given on the trial besides that which is found in the bill of exceptions, furnishes no objection to an examination of the questions of law presented by it.

If that evidence bore upon these questions, and might influence our decision upon them, the defendant in error should have brought it upon the record, or incorporated it in the bill of exceptions. His neglect to do so implies that it could properly have no such effect, if returned.

As to the other objection. It was held, in Field and others v. The United States, 9 Pet. 182, and recognized in several subsequent cases, that in a cause where the trial by jury had been waived, the objection to the admission of evidence was not properly the subject of a bill of exceptions; and the reason given is, that if the evidence was improperly admitted this court would reject it, and proceed to decide the cause as if it were not in the record. This, perhaps, is unobjectionable; it certainly is so, as far as the evidence improperly admitted bears upon a question of fact in the cause; for, when rejected, if there is still any proper evidence tending to support the judgment of the court below, the decision cannot be reviewed on a writ of error. The error, in this aspect, would be unimportant, because not the subject of an exception, the question involved being one of fact.

If, upon the rejection of the evidence, no testimony would remain necessary to support the judgment of the court, then the mistake would be one of law, and the proper subject of a writ of error.

The case of the refusal of proper evidence on the trial is subject to very different considerations from those applicable to the improper admission of it. The exclusion of the evidence might change the legal features of the cause, and lead to a determination of it upon principles wholly inapplicable, in case the evidence

had been admitted; nor can we assume that the testimony offered and rejected would have been proved, if it had not been excluded, and revise the judgment of the court upon that assumption; because the offer of evidence to prove a fact, and the ability to make the proof, are very different matters. If the court, instead of rejecting, had allowed the evidence, the party might have failed in the proof, and the case in the result remain the same as before the improper exclusion.

We think, therefore, that the improper rejection of testimony on the trial before the judge, where the jury has been dispensed with, should constitute the subject of review on the writ of error, as in the case of a trial before the jury.

There is one qualification applicable to this peculiar mode of trial, that should be noticed. If the testimony rejected is but cumulative, and relates exclusively to a question of fact involved in the case, the rejection may be immaterial, as the decision of that question upon the evidence already in, by the judge, may be regarded as well-warranted.

This principle is sometimes applied in cases of writs of error, where the trial below has been before a jury, if it be seen that the admission of the testimony could not have properly influenced the jury to a different conclusion on the question of fact. The cases will be found collected in Cowen and Hill's notes, vol. 4, pp. 775, 776 (3d ed.); see, also, 1 Duer, (Sup. Court R.,) pp. 431–434. It must be admitted that the courts which have adopted this principle apply it with great caution where the trial has been had before a jury, and require a clear case to be made out that the rejection has worked no prejudice to the party. Other courts have denied its application altogether, and refused to look into the record to see whether the evidence might or might not have influenced the jury.

In cases where the trial by jury has been waived, and the facts as well as the law submitted to the judgment of the court, a more liberal application may be safely indulged; though, if the determination of the question of fact be against the party offering the evidence, we do not perceive why the rejection should not be regarded as error reviewable on a bill of exceptions.

A more difficult question arises in these cases, where the facts as well as the law are submitted to the court, in reviewing on exceptions the correctness of the ruling of the law involved in rendering the judgment.

In trials before a jury, these come up on the instructions prayed for, or by exceptions to the charge. The questions of law are thus separated from the questions of fact,—the former to be determined by the court, the latter by the jury. But, where both questions are submitted to the court, and both determined

at the same time, and by the same tribunal, the separation is more difficult. The principles of law applicable to the case are so dependent upon the facts, and the finding of these in the case supposed exclusively within the province of the judge, who is substituted for the jury, it would seem, as a general proposition, nearly impracticable for the appellate court to ascertain from the case the principles of law that had governed the decision; especially in the absence of his opinion in the case.

But these principles must be ascertained, to enable the court to review them on a writ of error, as the bill of exceptions lies only·upon some point arising either upon the admission or refusal of evidence, or is a matter of law arising from a fact found, or not denied, and which has been overruled by the court. 4 How. 297; 8 J. R. 495; 2 Caines's R. 168.

As an illustration of the difficulty, and to aid us in the solution of it, we may refer to a late act in England, and the decision of the common bench under it. It is the act of 13 and 14 Victoria, c. 61, which conferred upon the county courts a limited jurisdiction in civil cases, and gave an appeal from their determination "in a point of law, or upon the admission or rejection of evidence," "to any of the superior courts of common law at Westminster."

It will be seen that an appeal is given here upon the same ground that a bill of exceptions was given by the statute of Edward I. c. 31. The parties were at liberty to waive a trial by jury, and submit the facts, as well as the law, to the judge of the county court. A case came up before the common bench, that had been thus submitted, involving a question upon the statute of limitations, and which presented the difficulty we are now considering.

Maule, J., who delivered the opinion of the court, in endeavoring to overcome it, observed: "It may be, that, if, upon the case stated by the parties or by the judge, it appears to the court of appeal, that the decision which has been come to can be sustained by a particular view of the facts, which does not render it necessary to arrive at the conclusion ·that he has erroneously decided the point of law before him, this court may have no power to review the judgment; yet, that where it is manifest from the facts stated, that in order to arrive at the conclusion he has arrived at, the judge must have decided a matter of law in a certain way, that will be a determination in point of law, with respect to which an appeal will lie. So, that, supposing there be a judgment which can be sustained, consistently with the law, by any view that can be taken of the facts stated, such a judgment probably cannot be reversed; yet, still, where the judge states the facts which were before him, and these facts will sus-

tain his judgment upon one view of the law only, and that an incorrect one, this court may have jurisdiction to entertain the appeal."

This view is directly applicable to the case of a bill of exceptions, where the jury has been dispensed with, and the judge substituted in its place, to pass upon the facts as well as the law, and furnishes the rule by which the point of law may be ascertained that was decided in rendering the judgments intended to be reviewed.

In order, however, to disembarrass the proceedings, as far as practicable, in this peculiar mode of the trial of a common law case, and to enable the appellate court to reëxamine the point or points of law involved, the counsel, after the close of the evidence, should present the propositions of law which, it is claimed, should govern the decision; and the court should state the rulings thereon, or in coming to its determination. And, in the return to the writ of error, so much of the evidence, and no more, should be incorporated in the bill of exceptions, as was deemed necessary to present the points of law determined against the party bringing the writ. No technical exception need be stated, except in the case of the rejection or admission of evidence. As the rulings in the final determination do not take place upon the trial, or need not, the exception would be impracticable.

We have stated more at large the proper practice in bringing up for review cases of this peculiar character, than was necessary to the disposition of the one before us, as they are frequently occurring, and the practice governing them not very well settled.

As it respects the case in hand, we have already shown that the state practice of Louisiana, in appeals, does not apply to the case of writs of error from this court to the circuit courts; and, hence, the circumstance that other evidence had been given and was before the court, than what appeared in the bill of exceptions, furnished no objection to the reëxamination of the point of law there presented; and that if the other evidence was deemed material, it should have been brought upon the record by the defendant in error. We must assume, therefore, that the bill of exceptions contains all the testimony deemed material to raise the point of law involved.

That shows the admission of the proof of a state of facts, as a special defence to the bill of exchange, which had been set up, and the only one set up, in the answer, namely, that the bill had been accepted for the balance of the price of a sugar-mill constructed and sold to the defendant by the drawers; that the mill was badly constructed, and defective in workmanship and materials; that, at the time of the acceptance, the drawers promised

at some future day to make the necessary repairs; that they had failed to make them, by which the defendant had suffered damage to the amount of $1,835.60, which he claimed in abatement of the face of the acceptance, and that the plaintiffs had notice of these facts before the transfer of the paper to them.

The court below reduced the recovery to $1,743.50, which must have been on the ground of this special defence, as no other appears in the record.

Now, we agree, that if this suit had been between the original parties, the defence would have been unobjectionable. 9 How. 213; Code of Practice, 374–377; 6 N. S. 671; Ib. 688. But, the plaintiffs are *bonâ fide* holders of the paper, for value, and, therefore, not subject to this defence, or to any abatement of the face of the bill, arising out of the transaction between the original parties.

It is true, the plaintiffs knew, at the time they took the paper, that it was given as part of the price for the sugar-mill, and that the mill had been defectively constructed; but, they also knew, that the defendant, upon the promise of the builders to make the necessary repairs, had agreed to accept the bill unconditionally, and had accepted it accordingly. They knew, therefore, that he looked to this undertaking for indemnity, and not to any conditional liability upon the acceptance.

The transaction, therefore, which is brought home to the plaintiffs, lays no foundation, in law or equity, to impeach the paper in their hands.

The ruling of the court below, in this respect, was consequently erroneous, and the judgment must be reversed.

## Order.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the eastern district of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged, by this court, that the judgment of the said circuit court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said circuit court, for further proceedings to be had therein, in conformity to law and justice, and the opinion of this court.