## ESTATE OF R. J. HARBISON, DECEASED.

APPEAL BY J. W. HARBISON FROM THE DECREE OF THE ORPHANS' COURT FOR BEAVER COUNTY.

Argued October 9, 1891—Decided November 9, 1891.

1. Where a claim against the estate of a decedent is contested before an auditor, and no issue is demanded, the findings of fact thereon, approved by the court below, will not be questioned, unless the evidence submitted was insufficient fairly to sustain the findings.

2. It is not a ground of reversal, that an auditor, in the Orphans' Court, ruling on offers of evidence, has received incompetent testimony, unless it also appears that he was influenced by it, or that it might and ought to have led to a different conclusion.

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 129 October Term 1891, Sup. Ct.; court below, No. 13
March Term 1891, O. C.

On January 24, 1890, George J. Harbison, executor of the
will of Rebecca J. Harbison, deceased, filed his account, show-
ing a balance due the estate; and on March 17th, the account
being confirmed, *Mr. J. F. Reed* was appointed auditor to dis-
tribute said balance to the persons entitled thereto.

On February 9, 1891, the auditor filed a report showing that
Rebecca J. Harbison died on April 30, 1889; that, among other
claims against the estate, John W. Harbison, her son, presented
for allowance and payment a note purporting to be signed by
the decedent, for $1,400, dated January 3, 1889, and payable
ninety days after the death of the maker; that objection was
made to the allowance and payment of said note, and that after
hearing the testimony offered on the part of the claimant and
on behalf of the estate, the auditor found as a fact that the sig-
nature to the note in controversy was not the genuine signature
of the decedent. He therefore disallowed the claim, and re-
ported a distribution accordingly.

To the auditor's report the claimant filed a large number of
exceptions, chiefly alleging error in the rulings of the auditor
on offers of testimony admitted or rejected. Said exceptions
having been argued, the court, WICKHAM, P. J., on April 6,
1891, dismissed the exceptions and confirmed the report abso-
lutely. Thereupon, the claimant took this appeal, specifying
that the court erred:

1. In dismissing the several exceptions filed.

7. In not deciding incompetent the testimony of certain
witnesses named, called on behalf of the estate.

8. In not deciding that John W. Harbison, the claimant, was
a competent witness for all purposes. *

11. In confirming the auditor's report.

---

* The claimant had been called for cross-examination by counsel for the
estate; but the questions put to him and the replies elicited were ruled out
on the objections of his own counsel.

*Mr. L. E. Grim* (with him *Mr. D. S. Naugle*), for the appellant.

As to the effect of an auditor's report finding facts against the weight of the evidence, or disregarding the evidence, counsel cited: Miller's App., 102 Pa. 544; Milligan's App., 97 Pa. 531; Cake's App., 110 Pa. 65; Hindman's App., 85 Pa. 466; Phillips's App., 68 Pa. 130; Moyer's App., 77 Pa. 482.

*Mr. A. S. Moore, Mr. W. S. Moore* and *Mr. John M. Buchanan*, for the appellees, were not heard.

PER CURIAM:

The appellant is the son of Rebecca J. Harbison, deceased, whose estate was before the Orphans' Court for distribution. He presented before the auditor a note purporting to be signed by his mother for one thousand four hundred dollars, dated January 3, 1889, payable to his own order, ninety days after the death of the maker. The allowance of this claim was resisted on behalf of the estate upon the ground that the note was a forgery. The auditor found that it was a forgery, in which he was sustained by the court below.

The appellant did not demand an issue, but submitted this question of fact to the auditor. As he has made his bed, so must he lie, unless there was not evidence sufficient to submit, and to fairly sustain the auditor's finding. Of this the appellant has failed to satisfy us. There was ample to justify the conclusion arrived at by the auditor. It was urged, however, that he admitted certain incompetent testimony, and that the decree should be reversed for this reason. It is not a ground of reversal that an auditor in the Orphans' Court has received incompetent testimony, unless it also appears that he was influenced by it, or that it might and ought to have led to a different result. If we throw out of the case all the testimony alleged to be incompetent, there is abundance left to sustain the auditor's findings. It is not needed, therefore, that we discuss the seventh and eighth specifications, which allege error in the rulings of the auditor and the court below on the admission of evidence.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.