FREDERICK RUDNICK *v.* JACOB A. JACOBS, also known as J. Jacobs.

*(January 7, 1936.)*

RICHARDS, J., sitting.

*H. Albert Young.*for plaintiff.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County. Action on the case for negligence, No. 22, September Term, 1934.

RICHARDS, J.:

The question presented is whether a new trial shall be granted because of the inadequacy of the verdict. In order to establish this fact the plaintiff does not rely upon the fact that no substantial damages were awarded him, but upon the fact that the verdict was less than the damages actually proved and undisputed.

When the verdict rendered by the jury is excessive, it is well established in this state that the court will grant a remittitur reducing said verdict by the amount named, or grant a new trial as the circumstances of the particular case may warrant. But where the verdict is inadequate, it cannot be said that there is a well defined or recognized practice to be followed. There is no doubt, however, that new trials have been granted in this state when the verdict of the jury has been found to be inadequate. The first case in which this course was adopted was *State, to Use of Hazzard, v. Layton*, 3 *Harr.* 469. In this case the jury failed to follow the instructions of the court with respect to the calculation of interest, which made the verdict less than it would have been if said instructions had been followed. The Court set aside the verdict and ordered a new trial, on the ground that the jury, either through mistake or disregard of the law as stated in the charge, returned a verdict against the law and the facts. Again in the case of *Prettyman v. Waples' Ex'r*, 4 *Harr.* 299, the court set aside an inadequate verdict and granted a new trial, "on the ground that it was against the evidence on a point in reference to which there was no conflict of testimony." A new trial was granted in the case *Cerchio v. Mullins*, 3 *W. W. Harr.* (33 *Del.*) 245, 138 *A.* 277, 279, for the reason that it was not proven that the driver of the automobile in question was the agent of the defendant. The opinion of the court contains this language:

"While this court approaches with hesitation the reconsideration

of questions of law in a case where the jury has rendered a verdict on the facts, yet such reconsideration will be had and a new trial granted when thoroughly convinced that error has crept in and the verdict cannot be supported upon any established rule of law. A due regard for the rights of the parties and a consideration of the delay and expense of appellate proceedings impels such action."

In *Fulmele v. Forrest,* 4 *Boyce* (27 *Del.*) 155, 86 *A.* 733, 736, a verdict was rendered for the plaintiff which was claimed to be inadequate, and the court, in denying a new trial made this comment:

"The question whether a verdict should be set aside and a new trial granted because of inadequate damages rests in the sound judicial discretion of the trial court. Generally courts are adverse to disturbing verdicts merely on the ground of inadequacy, and will not do so unless the verdict clearly indicates some such wrong or error, as passion, partiality, prejudice, mistake, or misapprehension.

"Where a verdict is grossly inadequate, or, as in this case, is merely nominal, and it manifestly appears that the plaintiff is entitled to substantial damages, the same legal principles govern, in an application for a new trial, as where the damages awarded are grossly excessive. But a verdict should not be set aside for inadequacy where the facts and attending circumstances relied upon for a recovery of substantial damages are not clear and undisputed.

"If, upon a careful consideration of all the evidence, it does not appear that the plaintiff is entitled to have a recovery for substantial damages, as we think the jury in this case may very reasonably have found under all the facts adduced, the court should not set the verdict aside, but rather treat an award of nominal damages for the plaintiff in the nature of a verdict for the defendant."

The plaintiff relies upon the case of *Campbell v. Brandenburger,* 5 *W. W. Harr.* (35 *Del.*) 203, 162 *A.* 354, in which a motion for a new trial was granted because of the inadequacy of the verdict.

It appears in this case that the testimony as to permanent injuries and other damages suffered by the plaintiff was undisputed; that the plaintiff was compelled to pay out for reasonable and proper doctors and hospital bills, $2,073.75; and that other damages actually proven amounted to $300. The jury rendered a verdict for $2,000. The Court took the view that the jury had disregarded its

instructions, as it clearly appeared from undisputed evidence, that $2,000 was less than the expenses that were necessarily incurred by the plaintiff as the result of the negligence of the defendant.

As was said in the case of *Campbell v. Brandenburger,* in order to have found a verdict for the plaintiff, the jury must necessarily have found that the defendant was negligent and that whatever damages were sustained by the plaintiff were caused thereby. The case under consideration is clearly distinguishable from the case above mentioned. In *Campbell v. Brandenburger,* in addition to the undisputed evidence that the amount of the verdict was less than the expenses that were necessarily incurred by the plaintiff, there was other undisputed evidence as to the plaintiff's damages. But in the case now before the court the evidence tending to show the plaintiff's injuries was contradicted.

The amount of the damages is a matter to be determined by the jury from the evidence before it, and as a general proposition, Courts will not set aside a verdict merely because they do not agree with the amount. The cases above referred to clearly show that the Courts of this state have not hesitated to grant new trials when the verdicts rendered by the jury were both excessive and inadequate, if the evidence warranted such a course. Where the verdict was excessive, they have often refused to grant a new trial but granted a remittitur reducing the verdict in accordance therewith. But when the verdict rendered by the jury has been inadequate, the practice, as indicated by the above cited cases, has been to grant a new trial without a suggestion being made that the amount of said verdict be increased.

I am unable to understand why this distinction should be made.

There can be no doubt that the purpose in each instance is to promote justice between litigants. Why then, should the court grant a remittitur reducing the amount of an excessive verdict, thus saving the parties the expense of a new trial, and not take a similar course with respect to inadequate verdicts by making an order increasing the amount of such verdicts?

In 46 *C. J.*, § 494, at page 425, the author deals with the subject in the following language:

"Where the jury have failed to include in their verdict a certain element or item of damages which was clearly proved and is definitely ascertainable, as, for example, where there has been an error in the computation of interest, or failure to include it in the verdict, the court may overrule a motion for a new trial upon the defendant's consenting that the judgment may be increased by such amount, or upon condition that the omitted item or amount be paid to the adverse party. Where the verdict is obviously inadequate, the court may grant a new trial, conditioning its not going into effect upon defendant's consent to judgment in the amount stated in the order; or the court may refuse the motion on the filing of a stipulation by defendant that judgment for the increased amount may be entered; or it may allow defendant an option either to consent to judgment in a sum fixed by the court or to submit to a new trial, although, in an action for personal injuries, where there is legitimately a wide range in the amount of damages that might be properly assessed, it is regarded as better practice to order a new trial without granting the option."

This principle is supported by the authorities listed below. *Fulmele v. Forrest*, 4 *Boyce* (27 *Del.*) 155, 86 *A.* 733; *Clark v. Henshaw Motor Co.*, 246 *Mass.* 386, 140 *N. E.* 593; *Gaffney v. Illingsworth*, 90 *N. J. Law* 490, 101 *A.* 243; *James v. Morey*, 44 *Ill.* 352; *Napier Co. v. Gloss et al.*, 150 *Ga.* 561, 104 *S. E.* 230; *Aultman v. Thompson* (*C. C.*), 19 *F.* 490; *Risch v. Lawhead et al.* (1933), 211 *Wis.* 270, 248 *N. W.* 127; *Bernard v. City of North Yakima*, 80 *Wash.* 472, 141 *P.* 1034.

Repeating what was said in the case of *Fulmele v. Forrest*, "the question whether a verdict should be set aside and a new trial granted because of inadequate damages

rests in the sound judicial discretion of the trial court." Where, as in the case now being considered, it not only appears that the evidence as to personal injuries is conflicting, but it also clearly appears that the verdict is less than the actual proven and uncontradicted damages, why should a new trial be granted if the defendant is willing that the verdict be increased to an amount equal to damages which were proven and undisputed at the trial?

The defendant has indicated his consent that the verdict be increased to $108.85, as shown by his agreement and stipulation heretofore referred to.

It is, therefore, ordered, and the Prothonotary of New Castle County is hereby directed, to enter a verdict for the plaintiff for the sum of $108.85, being the amount of the plaintiff's damages which were proven and undisputed.