CHARLES F. BENNETT, Defendant Below, Plaintiff in Error, v. CORDELIA D. BARBER, Plaintiff Below, Defendant in Error.

(*March* 7, 1951.)

WOLCOTT, Chancellor, RICHARDS, C. J., TERRY and LAYTON, J. J., SEITZ, Vice-Chancellor, and HERRMANN, J., sitting.

*James M. Tunnell, Jr.*, (of Tunnell and Tunnell) for Plaintiff Below, Appellee.

*Everett F. Warrington* and *W. Howard Thompson* for Defendant Below, Appellant.

Supreme Court, No. 3, September Session, 1950 Term.

LAYTON, J.:

At the close of Plaintiff's case and again at the end of the trial Defendant moved for a directed verdict upon the ground that Plaintiff had failed to establish actionable negligence on his part.[1] Defendant has assigned the Trial Court's refusal to grant this motion as his first ground of appeal.

It is not our function to review the record in an effort to determine whether the Plaintiff has established Defendant's negligence by a preponderance of the evidence. The scope of our inquiry is limited solely to a determination whether there was evidence from which it fairly could be found that Defendant was guilty of negligence which was either the, or one of the, contributing causes of this accident.

The rule in this State is that negligence of a driver is not imputed to the passenger. *Island Express, Inc., v. Frederick,* 5 *W. W. Harr.* 569, 171 *A.* 181. Consequently it frequently results that, despite contributory negligence on the part of his own driver, the Guest Passenger can sue the operator of the other machine alone. In such a case the party sued has only one substantial defense, that he was guilty of no negligence. This is such a case.

The Trial Judge apparently found as a fact that there was no stop sign at the intersection of Grove Street with U. S. 13 facing Plaintiff's machine. Indeed, from the evidence, he scarcely could have decided otherwise. This being so, the junction of Grove Street with U. S. 13 was an intersection not governed by any traffic sign or signal and the right of way was subject to Section 97 of the Motor Vehicle Law, which reads as follows:

"The operator of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time, the operator of the vehicle on the left shall yield the right of way

---

[1] A motion for new trial was thereafter made and denied.

to the vehicle on the right." *Rev. Code* 1935, § 5635 (*a*).

■ There was evidence from which the Trial Judge could have found that the operator of Plaintiff's machine entered the intersection first. This was the testimony of Mr. Barber, which alone is sufficient to support the finding that Plaintiff's machine had the right of way. Under the circumstances, we are unable to overrule the finding of the Trial Judge that the Defendant was guilty of negligence which was a contributing cause of this accident. It not being contended that the Plaintiff was guilty of any contributory negligence, Defendant's first ground of appeal must be dismissed.

■ The second assignment of error concerns the admission over objection, of the testimony of a police officer who, although he had not witnessed the accident, was allowed to make certain deductions as to how it happened based upon an examination of skid marks and other physical evidence observed at the scene. It is not necessary to pass upon the admissibility of the evidence in question for assuming its inadmissibility, it does not follow that the Trial Judge committed reversible error. In cases of this sort 3 *Am. Jur.* Sec. 1036, p. 593 states the rule to be this:

"It has been declared generally in a number of cases that where a trial is had before the court without a jury, the admission of incompetent evidence does not constitute reversible error; at least this is true where the incompetent evidence is not considered or had no possible effect on the result. Again, it has been stated that the admission of incompetent evidence is not reversible error if there is sufficient competent evidence to support the judgment or finding. There is a presumption that incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only."

Annotated Cases 1917 *C*, p. 660 *et seq.*, contains a comprehensive note on the subject. From the note the rule is variously stated to be either that in reviewing a trial by Court, without jury, it is presumed that incompetent evidence was disregarded and the

case decided from a consideration of competent testimony or that if there is sufficient competent testimony supporting the finding, the admission of incompetent testimony does not constitute reversible error. *J. J. McCaskill Co. v. U. S.,* 216 *U. S.* 504, 30 *S. Ct.* 386, 54 *L. Ed.* 590; *Harbison's Estate,* 145 *Pa.* 456, 22 *A.* 991; *U. S. Commercial Co. v. Joachimstahl,* (*N. J.*) 72 *A.* 46. The statement by the Supreme Court in *Arthurs v. Hart,* 17 *How.* 6, 58 *U. S.* 6-16, 15 *L. Ed.* 30 explains the reason for the rule:

"As to the other objection. It was held in *Field v. U. S.,* 9 *Pet.* 182 [9 *L. Ed.* 94], and recognized in several subsequent cases, that in a cause where the trial by jury had been waived, the objection to the admission of evidence was not properly the subject of a bill of exceptions; and the reason given is, that if the evidence was improperly admitted this court would reject it and proceed to decide the cause as if it were not in the record. This, perhaps, is unobjectionable; it certainly is so, as far as the evidence improperly admitted bears upon a question of fact in the cause; for, when rejected, if there is still any proper evidence tending to support the judgment of the court below, the decision cannot be reviewed on a writ of error. The error in this aspect would be unimportant, because not the subject of an exception, the question involved being one of fact.

"If, upon the rejection of the evidence, no testimony would remain necessary to support the judgment of the court, then the mistake would be one of law, and the proper subject of a writ of error."

Aside from the testimony objected to, there was abundant evidence to support the finding of the Trial Court in this case. The second ground of appeal is dismissed.

██ ██ Finally, Defendant would have this Court set aside the verdict below in the sum of $1,184.40 because excessive in amount. *American Jurisprudence,* Vol. 3, Section 893, *Damages,* states the rule governing the setting aside of the verdicts of juries as to damages, as follows:—

"Section 893. *Assessment of Unliquidated Damages.*—The damage assessed by the jury will not as a general rule be disturbed on appeal on the ground that it is excessive unless it is so excessive, under the particular circumstances of the case as to demonstrate that the jury have acted against the rules of law, or have suffered their passions, their prejudices, or their perverse disregard of the law, to mislead them. No mere difference of opinion, however decided, justifies an interference by the appellate court with a verdict on the ground of excessive damages; the amount must be so out of the way as to evince passion, prejudice or corruption in the jury."

Compare *Rudnick v. Jacobs*, (1936) 7 *W. W. Harr.* 348, 183 *A.* 508. We see no reason to apply a different rule where the case is tried by Court without a jury.

Of this verdict the sum of $184.40 was for out of pocket *disbursements* for medical bills, etc., and the balance for pain, suffering and general discomfort. Plaintiff's arm was in a cast for seven weeks and in a partial cast for one. There is conflicting evidence as to whether she has even now regained the full use of her hand. Even if we disagreed with the Trial Court's estimate of damages, which we do not, we could not set it aside under the rule above stated.

Appeal dismissed.