BEATRICE B. LACEY, *et al.,* Plaintiffs, v. SADIE R. BECK, Administratrix of the Estate of Louise E. Beck, deceased, Defendant.

(*April* 29, 1960.)

STIFTEL, J., sitting.

*Robert C. O'Hora* and *John P. Daley* for plaintiffs.

*John P. Sinclair* (of Berl, Potter and Anderson) for defendant.

Superior Court for New Castle County, No. 1064, Civil Action, 1958.

.STIFTEL, J.:

At the conclusion of the trial in this matter, the jury returned a verdict for plaintiff, Richard W. Lacey, in the total amount of $12,500. Although not requested to do so, the jury brought in the verdict in two parts. The Foreman stated that the jury awarded $2,500 to the plaintiff for scars, pain and suffering, and $10,000 for permanent injuries. The defendant has no quarrel with the jury's award of $2,500 for the scars, pain and suffering. However, the defendant complains that the verdict in the amount of $10,000 for permanent injuries to plaintiff was so grossly excessive that it should shock the conscience of the Court. Defendant, therefore, requests that this Court, under its power, order a *remittitur*, or in the alternative, grant a new trial.

The power of this Court to order a *remittitur*, or in the alternative, grant a new trial on the ground that the verdict is excessive is well established in this state. *Winkler v. Philadelphia and Reading Railway Company*, 4 Penn. 80, 53 *A.* 90; *Rudnick v. Jacobs*, 7 *W. W. Harr.* 348, 183 *A.* 508-509.

However, our courts are highly reluctant to disturb a jury's verdict on the ground of excessiveness where the damages are unliquidated, as in a tort action for personal injuries, and where there is no fixed measure of mathematical certainty. Fundamentally, the jury is the part of our judicial system which is entrusted with the determination of the facts; and the amount of damages is a question of fact. The jury's view, consisting of the combined views of a number of persons who have seen and

heard the evidence and the witnesses, generally expresses the view of the community, and such a view should not be set aside unless it clearly is in error. *Oleck, Damage to Persons and Property*, Chapter 9, page 142.

Consequently, a verdict is presumed to be correct and just and will not be set aside as excessive by the trial court or on appeal unless it is so clearly excessive as to indicate that it was the result of passion, prejudice, partiality or corruption, or it is clear that the jury disregarded the evidence or the rules of law. *Bennett v. Barber,* 7 *Terry* 132, 79 *A.* 2d 363, 365; 3 *Am. Jur., Appeal and Error,* Sec. 893, page 452; 15 *Am. Jur., Damages,* Sec. 205, pages 621, 622. The rule was ably cited by Chancellor Kent in 1912 in the *New York* case of *Coleman v. Southwick,* 9 *Johns.* 45, 52:

"The damages * * * must be so excessive as to strike mankind, at first blush, as being beyond all measure unreasonable and outrageous, and such as manifestly show the jury to have been activated by passion, partiality, prejudice, or corruption. In short, the damages must be flagrantly outrageous and extravagant; or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess." The test clearly establishes that the disturbance of a jury's findings is not a matter to be lightly taken, and when the Court indulges in such practice, its action must be well founded. *Draper, Remittitur,* Vol. 24, *Tenn. L. Rev.,* 1155, 1157.

A verdict should not be set aside simply because it is excessive in the mind of the Court, but only when it is so grossly excessive as to shock the Court's sense of justice and the impropriety of allowing it to stand is manifest. *Rudnick v. Jacobs, supra,* 183 *A.* at page 510; *Bennett v. Barber,* 7 *Terry* 132, 79 *A.* 2d 363. When there is any margin for a reasonable difference of opinion in the matter, the Court should always yield to the verdict of the jury rather than to the contrary. *Smith v. Pittsburgh, & W. Ry. Co., C. C. Ohio,* 90 *F.* 783.

In *Jones v. Atlantic Refining Co., D. C. E. D. Pa.*, 55 *F. Supp.* 17, 20, the Court stated:

"The court must respect the verdict of the jury in fact as well as in pretense or theory, and must not interfere or substitute its own judgment for that of the jurors, for to do so would violate a constitutional privilege to have the fair verdict of the jury and not the fair judgment of the court. However, it may be expressed by a court, summarized, the rule is that, the trial judge will not interfere with a jury's verdict simply because it is greater than his own estimate; only where the verdict is so grossly excessive as to shock the conscience of the court and clearly manifest that it was the result of caprice, passion, partiality, prejudice, corruption, or other improper motives, will the court intervene; and the theory always is that a court will not set aside a verdict on this ground in an action of this character except in extreme and exceptional cases."

It is obvious that the determination of whether or not a verdict is excessive is difficult. Each case must rest upon its own facts; consideration must be given to the changing purchasing power of a dollar and regard given, if feasible, to the rule of uniformity of recent verdicts. *McGarvey v. City of St. Louis*, 358 *Mo.* 940, 218 *S. W.* 2d 542, 547. In reality, there is no standard for determining what will shock the conscience of the Court except the conscience of the Court. *Catalano*, 45 *Am. Bar Assoc. Journal*, No. 8, pp. 811-814; *Juba, Judicial Review of Excessive Verdicts, The Insurance Law Journal*, Aug. 1956, No. 403, pp. 517-529.

The parties have treated the verdict as a special verdict. Both parties assume that the jury's verdict of $2,500 was directed only toward compensation for plaintiff's scars, pain and suffering, and that the $10,000 was directed toward compensation for the back injury the plaintiff suffered as a result of the accident. No argument is made that the verdict is, in effect, a lump sum verdict of $12,500, which covers not only scars, pain and

suffering, and back injuries, but any other injury that the plaintiff may have suffered as a result of the accident.

█ It is my opinion that the jury intended to return a verdict for $12,500. The court did not give the jury special instructions requesting a breakdown of the verdict. The breakdown must be treated as private notes of the jury explaining, in part, how they arrived at the total verdict. The breakdown is not clear nor does it take into consideration other injuries of the plaintiff, which presumably must have been considered in the total verdict given by the jury but not represented in the breakdown of the verdict. For instance, it is not clear from the breakdown if the $2,500 represented only the pain and suffering which accompanied the injuries which caused the scars or whether the scars are a part of the $10,000 for permanent injuries along with the permanent back sprain. On the other hand, the $2,500 may include total pain and suffering, including the pain and suffering resulting from the injuries which caused the scars. The total verdict must have reflected the jury's consideration of other injuries such as the intercranial pressure, the severe bruise to the fleshy part of the left hip and soft tissue injury of the left knee, which may have not been properly reflected in the breakdown but must have been considered by the jury in its breakdown. If the jury members were asked to reveal what each meant to include in the breakdown, I am sure that it would not necessarily represent counsel or court's interpretations of the breakdown.

The defendant is satisfied with the $2,500 breakdown of the $12,500 verdict and is dissatisfied with the $10,000 part of the verdict. In effect, she considers the $2,500 fair and proper. The $10,000 verdict, on the other hand, she claims so excessive as to appear to have been given under the influence of prejudice, passion or partiality. It is very difficult to understand how the same jury in the same case can be fair and proper in part of its verdict and be moved by prejudice, passion and partiality in another part of its verdict. The strongest indication that the

entire verdict was fair and that the breakdown was not unfair is defendant's own agreement to accept part of the verdict without argument.

However, as I already indicated, I am inclined to treat the jury's verdict as one total verdict. I have reviewed the record which has been submitted to me in this case and fail to find that the sum of $12,500 was so excessive that it shocks my judicial conscience, and I am unable to find that the verdict resulted from prejudice, passion or partiality. To try to compare this verdict with other verdicts in the jurisdiction and elsewhere is almost impossible, because of the difference in the injuries in the cases involved and also because of the change in economic conditions since the rendering of the decisions in the alleged comparable cases. Annotation: *Excessive Damages, Personal Injuries*, 16 *A. L. R.* 2d §§ 22-24, pp. 60-78. See also 16 *A. L. R.* 2d *Supp. Service*, §§ 22-24, pp. 1167-1175.

I do not believe that this Court should interfere with the verdict of the jury except in cases of manifest abuse. Here the jury had before it a seventeen year old boy with a long life expectancy. The plaintiff testified he was having trouble with his back from a period shortly after the occurrence of his injury. A medical expert produced by plaintiff testified that in his opinion the plaintiff's back injury is of a permanent character and in all likelihood would continue throughout his life. In examining all the evidence in relation to the jury's verdict, I cannot conclude that the jury acted with undue passion, prejudice or partiality in this case, nor is my judicial conscience shocked by the amount thereof.

I therefore deny defendant's motion.