LEOTA BERTRAND and ELINORE SHEEHAN,
Defendants below, Appellants,

*vs.*

HAROLD W. HILL and GRACE B. HILL, his wife,
Plaintiffs below, Appellees.

*Supreme Court, On Appeal, September 14, 1961.*

*James H. Hughes, III,* and *Charles C. Rodriguez,* Dover, for appellants.

*Arthur Dean Betts,* Ennis & Betts, Georgetown, for appellees.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: Plaintiffs below (the Hills) are the owners of a lot of land in Lewes, Sussex County. The Hills' lot

abuts on the rear of a lot owned by defendants (herein, for convenience, the Bertrands).

In September, 1958 the Bertrands, in order to reach a garage on the rear of their lot, began to drive across the Hills' lot, claiming a right of way for the purpose.

The Hills denied the claimed right of way, and brought suit to enjoin the use of their lot by the Bertrands. Admittedly no grant of such a right of way exists. The Bertrands relied on a prescriptive use for twenty years. The case was heard by the Vice Chancellor largely on oral testimony. He ruled for the Hills, finding that the Bertrands had failed to present clear and convincing proof of those elements of adverse use required to establish a prescriptive right on lands of another, citing *Hughes v. Abbott, 32 Del.Ch. 328,* 86 *A.2d* 358. The Bertrands appeal.

The principal question before us (indeed, the only one of any consequence) is whether there is sufficient evidence to support the Vice Chancellor's finding.

The case made by the defendants was that the garage on their lot had been built in the 1920's by Dr. Bertrand, who then resided on the Bertrand lot. In order to reach the garage he proceeded to cross the lot of the Hills' predecessor in title. This use, which was adverse, continued until 1939. He moved from the Bertrand house in that year. Mrs. Bradley, who then owned the Hills' lot, barricaded the supposed right of way. Thereafter there was no substantial use of the Hills' lot for the purpose of reaching the garage. The Bertrands used their property as a summer residence. They owned no motor vehicle. For four years—1950 to 1954—the Bertrands did not live in the house.

There is some testimony tending to establish some use of the supposed right of way after 1939, but its weight was for the Vice Chancellor. His finding was:

"* * * after 1939 and up to October 1958 the use made of what is now the Hill land by owners or occupants of the Bertrand home was clearly sporadic and lacking in those quali-

ties of visibility, continuity, notoriousness, and exclusiveness, which carried on for the requisite length of time lead to the establishment of a prescriptive right in the lands of another." 160 *A.2d* 893, 895.

The Bertrands attempt to attack this finding, casting some of the various factual issues in the form of legal issues; but the question before us does not require any discussion of the applicable legal principles, which are well settled. Our function is to determine whether there exists in the record sufficient evidence to sustain the Vice Chancellor's finding. We hold that there is such evidence.

The Bertrands raise some question about the sufficiency of the Hills' title. We have had some difficulty in understanding the point. The Hills called a surveyor who made a survey of the property lines of their lot and the monuments fixing these lines, as contained in their deed. This was done in order to determine whether the alleged right of way was on the Hills' land. The surveyor ran the lines, produced a plot that he had made, and testified that the alleged right of way was within the bounds of the Hills' lot.

It is said (if we understand the argument) that since the surveyor did not place the original monuments in the lot his testimony is hearsay.

The objection completely misses the point of the testimony. The surveyor was not called to prove the Hill title; that was proved by the deed. He was called to determine whether the land claimed by the Bertrands to be subject to a right of way was within the boundaries fixed by the Hill deed.

We find no error in the record, and the judgment below is affirmed.