DONALD HANBY and JENNIE H. HANBY, his wife,
Defendants Below, Appellants,

*vs.*

PETER WERESCHAK and ANNIE WERESCHAK, his wife,
Plaintiffs Below, Appellees.

*Supreme Court on Appeal, January 28, 1965.*

*John T. Gallagher,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

*Alfred J. Lindh,* Wilmington, for appellees.

WOLCOTT, Chief Justice, CAREY, Justice, and DUFFY, President Judge sitting.

WOLCOTT, Chief Justice: This is an appeal from a judgment in the Court of Chancery entered in an action which sought to restrain the defendants from interfering with the plaintiffs' use of a certain lane, the use of which had been granted in the deed of the defendants conveying a certain property to the plaintiffs. The defendants counter-claimed seeking to enjoin the plaintiffs from using such lane or in the alternative, for the reformation of the deed in question.

Plaintiffs are the owners as the result of purchase from the defendants of a lot of land without access to a public road and as a part of their purchase were granted a 25-foot right-of-way giving such access. In addition, the deed granted the plaintiffs "the free and uninterrupted right, use and privilege of the lane extending from the northwesterly corner of the [plaintiff's] lot * * * continuing in a northerly and northeasterly direction over other lands" of the defendants. The deed in question had attached to it a surveyor's plot showing precisely the 25-foot wide right-of-way conveyed and also showing in a rather imprecise way the second lane.

After hearing argument in this appeal, we affirmed the judgment of the Vice Chancellor denying reformation of the deed and granting the right of the plaintiffs to the use of the second lane over the defendants' land on the basis that the appeal raised only questions of fact which had been decided against the defendants by the Vice Chancellor, and such being the case, we had no alternative but to affirm his

findings since they were supported by evidence. *Bertrand v. Hill,* 40 *Del.Ch.* 58, 173 *A.2d* 615; *Bennett v. Barber,* 7 Terry 132, 79 *A.2d* 363.

Following the filing of the *per curiam* opinion to this effect, the defendants petitioned for reargument pointing out, *inter alia,* that the second lane, the plaintiffs' use of which had been preserved by the Vice Chancellor, had not been precisely located and that the extent of use of such lane, which was in dispute between the parties and as to which the plaintiffs, themselves, did not claim a free and continuous right to use, had not been determined.

In view of the petition for reargument, we withdraw the *per curiam* opinion heretofore filed and dispose of the appeal and the petition for reargument by this opinion.

On further reflection we agree with the plaintiffs' argument as to the non-location and extent of use of the second lane. We have examined the plot in question and think it clear that from it, alone, the second lane which the plaintiffs have been granted the use of is incapable of precise location upon the defendants' land. Furthermore, in the testimony plaintiffs do not claim the right to use this lane at all times and under all conditions, but seem to claim it as an auxiliary means of access to their property during the winter weather when the 25-foot right-of-way granted to them becomes impassable.

We are of the further opinion that the record before us does not permit the determination of this factual controversy between the parties. Thus, we think it is impossible from this record to locate with any definiteness the location of the second lane on the land, itself, and, also, to determine the extent to which the plaintiffs have been granted the right to use such lane.

We are accordingly of the opinion that in order to avoid future controversy and litigation between these parties which this unfortunate situation has already instigated, it is desirable for the Court of Chancery to exercise the inherent powers of equity to adapt its relief to the particular rights and liabilities of each party, *Wright v. Scotton,* 13 *Del.Ch.* 402, 121 *A.* 69, 31 *A.L.R.* 1162, and to determine finally so as to end future controversy the precise location of the

lane in question and the extent to which the plaintiffs have been granted the right to use it. The determination of this issue necessarily will require further proceedings before the Vice Chancellor.

Under circumstances such as this appeal presents, we think the power of this Court is clear to affirm those findings of the trial court which are justified by the evidence in the record and to remand the cause for further proceedings to determine the unresolved issues we have referred to. 5 *Am.Jur.2d, Appeal and Error,* §§ 933, 937 and 964; 5B, *C. J. S. Appeal and Error,* §§ 1859 and 1872.

The mandate of this Court will therefore affirm that portion of the judgment of the Vice Chancellor holding that by the deed in question the plaintiffs have been granted the right to use a second lane and remanding the cause for further proceedings before the Vice Chancellor to determine the precise location on the land of the lane in question, and the extent to which the plaintiffs are entitled to use such lane.