**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| BCD ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N15C-11-062 EMD |
| | ) | |
| CROWN BANK, | ) | |
| | ) | |
| Defendant, Counterclaim Plaintiff. | ) | |

**ORDER DENYING BCD ASSOCIATES, LLC'S *DAUBERT* MOTION
TO EXCLUDE THE REPORT AND TESTIMONY OF KEITH C. MADIGAN, P.E.**

1.      This civil action involves the contract, quasi contract and tort claims and counterclaims arising out of the acquisition and renovation of a hotel (the "Project").[1]  MRPC Christiana LLC ("MRPC") hired Plaintiff BCD Associates, LLC ("BCD") as its general contractor on the Project.   Defendant Crown Bank ("Crown") that funded the Project.

2.      BCD initiated this civil proceeding on November 6, 2015.  Presently, BCD asserts four causes of action against Crown: (i) breach of contract; (ii) unjust enrichment; (iii) promissory estoppel; and (iv) misrepresentation.  Crown answered BCD's claims and asserted its own counterclaims for: (i) fraud; and (ii) civil conspiracy.  The Court scheduled this matter for a bench trial beginning on August 16, 2021.

3.      During the litigation, Crown retained an expert, Keith C. Madigan, P.E. According to Crown, Mr. Madigan is a professional engineer with over 30 years of engineering and commercial construction management experience.  Mr. Madigan prepared a report dated January 12, 2020 (the "Report").  The Report provides five conclusions: (1) BCD entered into a construction contract with MRPC "with knowledge" that the fixed price contract amount was

---

[1] For some of the factual background relating to this civil action *see MRPC Christiana LLC v. Crown Bank*, 2017 WL 6606587 (Del. Super. Dec. 26, 2017).

1

inadequate to see the Project through to completion; (2) BCD and MRPC worked together to conceal change order costs from Crown; (3) BCD submitted pay applications for completed work to MRPC and Crown that were misleading: (4) BCD incurred less than $50,000 of additional project costs after an onsite meeting on December 21, 2014; and (5) BCD failed to manage the Project competently which resulted in excessive cost and schedule overruns.

4.     BCD has moved to exclude the Report and testimony of Mr. Madigan (the "Motion"). BCD contends that Mr. Madigan's conclusions and opinions are "of a legal and/or generally factual nature," and are not supported by the evidentiary record. Crown opposes the Motion, arguing that the Report and Mr. Madigan's testimony are "clear cut examples of admissible expert testimony."

5.     The admissibility of expert testimony is governed by Rule 702 of the Delaware Rules of Evidence ("Rule 702"). Rule 702 provides that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[2]

6.     When applying Rule 702, Delaware Courts have adopted the U.S. Supreme Court's holdings in *Daubert v. Merrell Dow Pharmaceuticals*.[3] *Daubert* requires the trial judge to act as gatekeeper and determine whether the expert testimony is relevant and reliable and whether it will assist the trier of fact.[4] The Delaware Supreme has adopted a five-part test for trial courts to consider when determining the admissibility of scientific or technical testimony.

7.     The trial court must decide whether:

---

[2] D.R.E. 702.
[3] 509 U.S. 579 (1993).
[4] *See Daubert*, 509 U.S. at 582.

the witness is qualified as an expert by knowledge, skill experience, training or education; (ii) the evidence is relevant and reliable; (iii) the expert's opinion is based upon information reasonably relied upon by experts in the particular field; (iv) the expert testimony will assist the trier of fact to understand the evidence or to determine a fact in issue; and (v) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[5]

8. The Court first notes that this is a bench trial. Accordingly, the Court is not concerned that the Report or Mr. Madigan's testimony will create unfair prejudice or confuse or mislead the jury. In addition, the Court finds that both BCD and Crown overstate their positions with respect to Mr. Madigan. The Court notes that some of Mr. Madigan's conclusions seem to state legal or factual conclusions (*e.g.*, characterizing pay applications as "misleading"). The Court, however, observes that Mr. Madigan's experience and training could be helpful on issues like the adequacy of funding and alike.

9. This is a non-jury trial. The Court will apply the rules of evidence concerning admissibility but a judge is better able than a jury to separate the relevant and competent evidence from the irrelevant and incompetent. The Court can receive disputed evidence subject to post-trial rulings on admissibility. The fact that the Court admits incompetent evidence will not be deemed prejudicial error provided there is sufficient competent evidence to support the judgment or finding. There is a presumption that the judge disregarded the incompetent evidence and decided the matter from a consideration of competent evidence only.[6]

10. The Court finds that Mr. Madigan and the Report satisfy the five part test adopted by the Supreme Court when determining whether the expert testimony is relevant, reliable and will assist the trier of fact. The Court further finds that the Motion raises issues that go to the weight of Mr. Madigan's testimony and not the admissibility of such testimony. As to that, BCD has had an opportunity to rebut the methods used by Mr. Madigan, as well as his qualifications to

---

[5] *Cunningham v. McDonald*, 689 A.2d 1190, 1193 (Del. 1997).
[6] *Kurzman v. State*, 903 A.2d 702, 709 (Del. 2006); *Bennett v. Barber*, 79 A.2d 363, 365 (Del. 1951).

3

render his conclusions. BCD will have another opportunity to cross examine Mr. Madigan about his methods and qualifications at trial. The Court will receive Mr. Madigan's testimony. The Court will consider the competent and relevant part of the testimony and will disregard irrelevant or otherwise inadmissible testimony.

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

Dated: July 20, 2021
Wilmington, Delaware


*/s/ Eric M. Davis*
Eric M. Davis, Judge