Esther D. RIEGEL and Edith duPont Pearson, Defendants Below, Appellants,

v.

Amy Dale AASTAD, by her Guardian Ad Litem, Andreas Aastad and Andreas Aastad, Individually, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Dec. 17, 1970.

William F. Taylor, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendants below, appellants.

F. Alton Tybout of Tybout, Redfearn & Schnee, Wilmington, for plaintiffs below, appellees.

WOLCOTT C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This appeal requires (1) re-examination of the phrase "wilful * * * disregard of the rights of others", as used in the Delaware Guest Statute;* and (2) review of the magnitude of the compensatory and punitive awards made by the jury to the plaintiff. The jury returned a verdict of

---

* 21 Del.C. § 6101(a) provides:
"§ 6101. Injury to non-paying guest; exceptions as to passengers of public carriers and prospective purchasers of vehicles
"(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

$90,000. compensatory damages and $60,-000. punitive damages. The defendants appeal.

Reference is made to the Opinion below at 262 A.2d 652, upon the defendants' motion for new trial, for a statement of the facts and basic contentions of the parties.

## I.

The defendants complain that there was insufficient evidence in the case to bring the driving of the defendant within the realm of wilful or wanton disregard of the rights of the plaintiff; that, therefore, it was error to deny their motion for a directed verdict.

■ We have reviewed the record of the case and have concluded that the evidence was sufficient to justify denial of a directed verdict. The defendant drove a top-heavy truck around a series of curves in the road at night, and deliberately accelerated midway in the series to more than 50 m.p.h. in a 25 m.p.h. speed zone, with knowledge that the truck would not "corner" as well as an automobile and could not be controlled easily in a skid. With such knowledge, the defendant deliberately drove the truck at high speed into a curve which the truck could not traverse because it was too top-heavy and the back end too light. The truck struck a culvert, went into the air, and came to rest against a tree, broken in two.

We think such evidence sufficient to permit the case to go to the jury under the Guest Statute. See Wilson v. Tweed, Del. Supr., 209 A.2d 899 (1965). Accordingly, we hold it was not error to deny a directed verdict.

## II.

As may be seen in the Opinion below (262 A.2d at 653), the main post-trial question of law relates to the Trial Court's jury instruction on "wilful disregard"; specifically, to the propriety of the instruction under the evidence and under the cases of Law v. Gallegher, Del.Supr., 9 W. W.Harr. 189, 197 A. 479 (1938) and Wagner v. Shanks, Del.Supr., 194 A.2d 701 (1963).

The key sentence in the charge is this: "Wilful disregard of the rights of others indicates an intent, or conscious decision, to disregard the rights of others." The contention is that there was prejudicial error in that the charge did not include expressly the language of Gallegher v. Davis, Del.Super., 7 W.W.Harr. 380, 183 A. 620 (1936), that wilfulness "includes the element of actual intent to cause injury."

■ We find no substantial difference, in the circumstances of this case, between a charge of "intent to disregard the rights" of the plaintiff, on the one hand, and a charge of "intent to cause injury" to the plaintiff, on the other. In the context of the charge in this case, the choice reduces itself to a matter of semantics. Clearly, in our view, there was no reversible error in the Trial Court's choice of language in this respect. Indeed, we find the Trial Court's language preferable to the language of the Gallegher case in view of the separate provision of the Guest Statute relative to "intentional" accidents.

We do not go as far as did the Trial Court in its post-trial Opinion (262 A.2d at 654): " * * * 'actual intent' to do injury is not an element of 'wilful disregard'." Conceivably, we think, it may be. For present purposes, it is sufficient to say that we find no reversible error in the jury instruction here challenged.

## III.

The defendants contend that the verdict of $90,000. for compensatory damages is grossly excessive and that justice requires that it be set aside.

■ To recall the applicable tests: A verdict will not be disturbed as excessive

**718**

unless it is so clearly so as to indicate that it was the result of passion, prejudice, partiality, or corruption; or that it was manifestly the result of disregard of the evidence or applicable rules of law. A verdict should not be set aside unless it is so grossly excessive as to shock the Court's conscience and sense of justice; and unless the injustice of allowing the verdict to stand is clear. Bennett v. Barber, Del. Supr., 7 Terry 132, 79 A.2d 363 (1951); Lacey v. Beck, Del.Super., 2 Storey 526, 161 A.2d 579 (1960).

■ The Trial Court reviewed the details of the injuries sustained and applied the correct test. See 262 A.2d at 654–655. We agree with the conclusions there set forth and affirm the Court's refusal to disturb the award of compensatory damages. We hold that the Trial Court did not abuse its discretion in denying a new trial on that ground.

■ In this connection, the defendants complain that a medical expert witness was permitted to testify as to possible medical consequences, rather than be confined to reasonable medical probability. See General Motors Corporation v. Freeman, Del. Supr., 3 Storey 74, 164 A.2d 686 (1960). We hold that it was error to permit such speculation into medical possibilities; but it is our opinion that the error did not rise to the level of prejudicial and reversible error in this case.

## IV.

As to the verdict for punitive damages in the amount of $60,000., we disagree with the Trial Court's conclusion that it should be upheld.

■ Punitive or exemplary damages are allowed not by way of recompense for injury, but as punishment to the tort feasor when his wrongful act was committed wilfully or wantonly. Reynolds v. Willis, Del.Supr., 209 A.2d 760 (1965); Stein v. Diamond State Telephone Co., Del.Super., 4 W.W.Harr. 185, 146 A. 737 (1929); Far-

row v. Hoffecker, Del.Super., 79 A. 920 (1906). Having found the defendant guilty of wilful or wanton misconduct, it was within the jury's discretion and province to award reasonable punitive damages. But we find "shocking to the judicial conscience" and manifestly unjust the unprecedented amount of punitive damages allowed in this case. No similar punitive award in Delaware has come to our attention. The wrongful conduct of the defendant was not nearly so reprehensible, in our opinion, as to warrant a punitive award of this magnitude. The only acceptable conclusion is that the jury was moved by impermissible passion or prejudice in attempting to impose upon these defendants a penalty of such severity in addition to the heavy compensatory damages it had already assessed.

We hold, therefore, that the Trial Court abused its discretion in denying remittitur or new trial as to the punitive award.

The judgment below is affirmed as to compensatory damages. It is remanded for remittitur of $50,000. as to punitive damages, or new trial.