487 P.2d 167

Michael SVEJCARA, Jr., and Matilda Svej-
cara, his wife, Plaintiffs-Appellees,
Cross-Appellants,

v.

Lyman Jimmie WHITMAN, Defendant-
Appellant, Cross-Appellee.

No. 558.

Court of Appeals of New Mexico.

June 18, 1971.

Richard L. Gerding, Tansey, Rose-
brough, Roberts & Gerding, Farmington,
for appellant.

James L. Brown, Farmington, for appel-
lees.

OPINION

HENDLEY, Judge.

Defendant appeals an adverse decision
whereby plaintiffs recovered for property
damage, personal injuries and punitive
damages. Defendant's appeal concerns (1)

punitive damages, (2) punitive damages after a statutory violation fine was paid as being double jeopardy and (3) admission of defendant's liability policy for purpose of assessing punitive damages. Plaintiffs' cross-appeal concerns the measure of the punitive damage award in that it did not (1) make plaintiff whole or relate to the enormity of defendant's conduct, and (2) the award was grossly inadequate in view of the extreme anti-social implication of driving while intoxicated.

## PUNITIVE DAMAGES.

Defendant contends that in the " * * * case at bar, the evidence produced was that of an ordinary intersectional accident." We review the facts as established by the record.

Plaintiffs were traveling east on Broadway in Farmington at a speed of less than 10 miles per hour. They were approximately in the center of the intersection of Broadway and Orchard when they were struck by defendant's car. The impact of the collision spun plaintiffs' car almost 90 degrees and caused it to strike a light pole on the median. The force of the impact blew out the left rear tire, bent the left rear wheel, ruptured the gas tank, and bent the left rear door and fender for a total damage exceeding $1,000.00. Both plaintiffs received considerable personal injury some of which are permanent and disabling.

Defendant, prior to this trial, pleaded guilty to driving under the influence of intoxicating liquor and reckless driving. Defendant testified that at the time of the accident he was traveling at a speed of three miles per hour and also explained the reasons for pleading guilty.

The trial court found that "The proximate cause of the accident was defendant's negligence, which under the circumstances amounted to wilful and wanton misconduct."

Defendant's position is that his admission of guilt to driving while intoxicated and reckless driving without other evidence is insufficient to allow imposition of punitive damages. We decide adversely to defendant.

" * * * Section 70.26 of the Ordinances of the City of Farmington provides:

" 'Reckless Driving.

Any person who drives a vehicle carelessly and heedlessly in wilful or wanton disregard of the rights of safety of others, and without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving * * *' "

This Ordinance is substantially the same as § 64–22–3, N.M.S.A.1953 (1969 Supp.).

Proof of a plea of guilty and conviction based thereon is admissible under circumstances where the same act is involved in both criminal and civil proceedings. Vargas v. Clauser, 62 N.M. 405, 311 P.2d 381 (1957). Such admission is substantial evidence of the truth of the matter and will support a finding. Ward v. Ares, 29 N.M. 418, 223 P. 766 (1924). The guilty plea supports a finding of wilful and wanton misconduct which is a prerequisite to an award of punitive damage.

Defendant states that he adequately explained away his admission. This is not for us to decide. We do not weigh the evidence or decide on the credibility of the witness. That is the function of the trial court. We only review the evidence in the light most favorable to the successful party to see whether there is substantial evidence to support the findings. Martinez v. Sears, Roebuck and Co., 81 N.M. 371, 467 P.2d 37 (Ct.App.1970).

Having found support in the record for wilful and wanton misconduct we need not consider defendant's cases and discussion on intoxication as a basis for awarding punitive damages. A finding of wilful and wanton misconduct will support an award of punitive damages. As stated in Bank of

New Mexico v. Rice, 78 N.M. 170, 429 P. 2d 368 (1967):

"* * * The rule is stated in the disjunctive in Stewart v. Potter, 44 N.M. 460, 104 P.2d 736 (1940), and Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966). Loucks says:

'* * * Punitive or exemplary damages may be awarded only when the conduct of the wrongdoer may be said to be maliciously intentional, fraudulent, oppressive, or committed recklessly or with a wanton disregard of the plaintiffs' rights.'"

## PUNITIVE DAMAGE AWARD AND STATUTORY VIOLATION FINE AS BEING DOUBLE JEOPARDY.

Defendant contends that the recent United States Supreme Court cases of Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) changes the rule in Colbert v. Journal Publishing Co., 19 N.M. 156, 142 P. 146 (1914).

*Colbert* stated:

"As stated by the Supreme Court of Wyoming: 'Where the act is punishable criminally, the judgment for the act as an offense against the criminal laws is for the wrong done the public, while the damages awarded in a civil action, although punitive and inflicted by way of example and punishment, are for the offense committed wantonly or maliciously against an individual sufferer.' Cosgriff v. Miller, 10 Wyo. 190, at 236, 68 P. 206 at 217."

Defendant contends that *Ashe* and *Waller* changed that rule when the doctrine of collateral estoppel was used in those criminal cases as a part of the Fifth Amendment's guarantee against double jeopardy.

*Ashe* defined collateral estoppel as it applied there as:

"'Collateral Estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this Court's decision more than 50 years ago in United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161."

We fail to see how, what we consider to be the very limited holding of *Ashe* and *Waller*, apply to or change *Colbert*. *Ashe* and *Waller* apply only to a double jeopardy situation criminal action. The word "jeopardy" as used in the Fifth Amendment of the United States Constitution and Article II, § 15 of the New Mexico Constitution is used in its technical sense and is only applicable to criminal proceedings. We cannot agree with defendant that "both punitive damages and criminal sanctions serve the same end. * * *" Punitive damage serves a civil end to an individual, while criminal sanctions serve a criminal end to the public.

## DEFENDANT'S LIABILITY INSURANCE AS EVIDENCE IN ASSESSING PUNITIVE DAMAGES.

The day before trial defendant was served with a subpoena duces tecum for the production of defendant's liability insurance policy. Defendant's motion to quash the production was denied. The policy could not be found and upon completion of trial and before the court's decision defendant was reminded to produce the policy. A copy of the policy was produced.

It is defendant's position that "there was no legitimate reason to receive defendant's policy of insurance, that the receipt of such policy influenced and prejudiced the decision of the trial court, and that reversible error was committed by allowing its introduction."

Plaintiffs assert that since defendant admitted ordinary negligence in open court

prior to the admission of the $100,000.00 insurance policy and that since the admission of the policy was only after all the testimony was in, the "insurance policy then becomes like any asset and a pertinent factor in the setting of exemplary damages (unless by its terms such damages are clearly excluded.)"

Defendant contends the asset argument for use in assessing punitive damages is ridiculous. Defendant bases this contention on the grounds that punitive damages are for the "limited purpose of punishment of the offender" and "defendant would suffer no hardship by reason of payment by the [insurance] company of his damages."

In our opinion it is not necessary to discuss the various contentions of the parties and we make no ruling as to the propriety of admitting an insurance policy under these circumstances. We will assume for purpose of this opinion that the admission of the policy was improper. The issue is then was the improper admission prejudicial to defendant in view of the award of $6,600.00 to Michael, $7,800.00 to Matilda and punitive damages of $7,580.00. We think not.

As stated in Sweitzer v. Sanchez, 80 N.M. 408, 456 P.2d 882 (Ct.App.1969):

"Here, the amount of the exemplary damages is left to the 'sound discretion' of the trial court as the fact finder. This amount is to be based on the circumstances of the case, that is, the enormity of the offense, * * * the nature of the wrong committed and such aggravating circumstances as may be shown. * * *"

What were the circumstances here? Defendant was driving in a reckless manner while intoxicated. He turned into slow moving on-coming traffic. He stated he was traveling three miles per hour and yet the force of his car's impact spun plaintiffs' car almost 90 degrees, blew out the left rear tire, bent the left rear wheel, ruptured the gas tank, and bent the left rear door and fender for a total damage exceeding $1,000.00. The collision caused both plaintiffs to receive personal injuries some of which are permanent and disabling.

Under the foregoing circumstances we cannot say as a matter of law that the award indicates in any way prejudice to the defendant since the award was not so disproportionate to the circumstances.

By reason of the foregoing we necessarily hold against plaintiffs on their cross-appeal which claims inadequacy of punitive damages.

Affirmed.

It is so ordered.

SPIESS, C. J., and SUTIN, J., concur.