**Francis WALCZAK, Plaintiff,**

v.

**Thomas M. HEALY, Defendant.**

Superior Court of Delaware,
New Castle.

June 28, 1971.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

James F. Kipp, of Becker, Kipp & Reardon, Wilmington, for defendant.

STIFTEL, President Judge.

On January 18, 1971, a jury awarded damages to Francis Walczak in the amount of $750 compensatory and $2500 punitive or exemplary. Defendant claims that both these awards were grossly excessive and asks for a new trial or remittitur.

### Compensatory

■ The total special damages amounted to $87.00, which includes $25 for loss of one day's work. Plaintiff received bone bruises to both knees which resulted in some limping, physical pain and discomfort to him for approximately four months. I cannot say under the facts that the amount

awarded shocks the conscience of this Court.

### Punitive

■ Punitive or exemplary damages are allowed not by way of compensation for injuries, but as punishment to the tortfeasor when his wrongful act was committed wilfully or wantonly. Riegel v. Aastad, Del.Supr., 272 A.2d 715. Normally, the award should not be disproportionate to the award given for compensatory damages. Reynolds v. Willis, Del.Supr., 209 A.2d 760.

In Sheats v. Bowen, D.C.Del., 318 F. Supp. 640, Judge Latchum concluded that the Delaware proportionality rule, adopted in *Reynolds*, means:

"* * * that viewing the circumstances and facts of the case, the degree of maliciousness, wantonness, or grossness shown by a defendant's conduct, and the extent of the injuries caused, a judgment for punitive damages should not be so excessive as to indicate that the jury acted out of passion or prejudice rather than out of calmly reasoned deliberation. Only if the amount of punitive damages, when compared to the amount of compensatory damages, in light of the other factors mentioned, is so grossly excessive as to shock the judicial conscience of the Court should it be held that the jury has acted out of passion and prejudice and that the award is disproportionate."

No rule of thumb may be formulated to apply in all cases in determining whether the award is an excessive one. Basden v. Mills, Okl., 472 P.2d 889, 895. Here, the award is 3⅓ times the compensatory award. In *Riegel*, the Supreme Court reduced a $60,000 punitive award to $10,000, after affirming the $90,000 compensatory award, because of the "unprecedented amount * * * allowed". It stated, 272 A.2d page 718, that:

"* * * [t]he wrongful conduct of the defendant was not nearly so repre-

hensible * * * as to warrant a punitive award of this magnitude."

It did not discuss the proportionality of the punitive damage award which in *Riegel* was two-thirds and ended up one-ninth.

Here, the circumstances were in many respects more aggravating than in *Riegel.* This was a head-on collision; the defendant being on the wrong side of the road. Alcoholic drinking and speeding were involved. Defendant's conduct was more reprehensible than that of the driver in *Riegel.* These factors, and others, make a telling difference. The jury determined *such wanton conduct be punished severely.* Such determination should not be interfered with.

I find, under the circumstances of this case, that the punitive damage award is not excessive nor did it result from any passion, prejudice or improper sympathy on the part of the jury.

Defendant's motion denied. It is so ordered.