Alfred J. RICH, by his next friend, John A. Rich, Plaintiff-Below, Appellant,

v.

Michael DOLAN, Defendant-Below, Appellee.

Supreme Court of Delaware.

July 13, 1972.

Oliver V. Suddard, Wilmington, for plaintiff below, appellant.

Michael F. Tucker, of Becker & Kipp, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

Appellant Rich, plaintiff below, was a passenger in an automobile driven by appellee Dolan, defendant below, in the early morning hours, of August 17, 1969. The car failed to negotiate a curve, ran off the road and hit a pole. Appellant was injured when his face went through the windshield. For purposes of this appeal, it is agreed that appellee was driving slightly more than 35 m. p. h. in a 25 m. p. h. zone on an unfamiliar road.

This action is governed by the Delaware "Motor Vehicle Guest Statute", 21 Del.C. § 6101(a), which provides that a guest in a motor vehicle, without payment for the transportation, may not recover damages from the operator for injuries in case of accident, unless caused intentionally or by wilful or wanton disregard of the rights of others. The Court below granted appellee's motion for summary judgment, holding that as a matter of law, no "wanton behavior" had been shown.[1] Appellant appeals, asserting that the Court applied the incorrect test, as set forth in the Guest Statute, to the facts of this case.

The controlling case is Aastad v. Riegel, Del.Super., 262 A.2d 652 (1970); affirmed Riegel v. Aastad, Del.Supr., 272 A.2d 715 (1970). Appellant claims that the Court below applied the incorrect test to these facts, that is, only the test of "wantonness", instead of the test of "wilfulness", was applied.

The difficulty with appellant's contention is that, no matter which test is applied in

1. In view of the restrictive requirement of the Guest Statute, *supra*, the fact that appellee plead guilty in Magistrate's Court to a charge of "careless driving", 21 Del.C. § 4175A, adds nothing to the present case.

this case, the facts here presented do not constitute either wilfulness or wantonness.[2] Specifically, the sole fact that appellee was violating a public duty by traveling about 10 m. p. h. above the speed limit, even though it was knowingly done, is not sufficient in itself to show a wilful disregard of appellant's rights, nor does it demonstrate a wanton or devil-may-care attitude. This holding conflicts with nothing said in the *Riegel* opinions, *supra*.

The holding of the Court below is affirmed.

2. There is no suggestion that the accident was intentionally caused by Dolan.