Harold D. DOLINGER and Janet L. Dolinger, Plaintiffs, Appellants,

v.

SCOTT & FETZER CO., an Ohio Corporation, Defendant, Appellee.

Supreme Court of Delaware.

Submitted June 12, 1979.

Decided Aug. 7, 1979.

James F. Kipp, of Trzuskowski, Kipp, Agostini & Kelleher, P. A., Wilmington, for plaintiffs, appellants.

B. Wilson Redfearn and Colin M. Shalk, of Tybout & Redfearn, P. A., Wilmington, for defendant, appellee.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

**PER CURIAM:**

In this product liability case for personal injuries, a Superior Court jury returned verdicts of $60,000 for Harold D. Dolinger and $5,000 for his wife, Janet L. Dolinger (both are plaintiffs). On motion of Scott & Fetzer Co. (defendant), the Trial Judge granted a remittitur as to each award, reducing the husband's verdict to $25,000, and the wife's to $2,500; the Court gave plaintiffs an option to accept the remittiturs or a new trial on the issue of damages. Plaintiffs then docketed this appeal.

**I**

Briefly, the facts are these:

Defendant manufactured a transformer which was integrated into an oil burner in plaintiffs' home. In December 1975, the transformer malfunctioned and caused an explosion which covered Mr. Dolinger with molten tar. He was badly burned and hospitalized for three weeks, then spent another three weeks recovering at home. During those periods then and for some time thereafter there were numerous therapy treatments. The burns left residual scarring on Dolinger's shoulder, chest and abdomen. More than a year after the explosion, he submitted to plastic surgical procedures which reduced the tissue accumulation but still left him with continuing and permanent scars.

Dolinger's claim against defendant,* based on breach of warranty, included compensation for pain and suffering caused by the explosion, mental anguish caused by the scarring and loss of wages. Mrs. Dolinger's claim was for loss of consortium and the inconvenience caused by the injuries to her husband. At the time of trial, Mr. Dolinger was thirty years of age, his wife was twenty-two.

**II**

The issue presented in this appeal is narrow: did the Trial Judge abuse his discre-

---

\* Plaintiffs had also named as defendant A. H. Angerstein, Inc., the company which serviced the oil burner. The jury returned a verdict against plaintiffs and for the Angerstein Company, which is no longer a party.

tion in striking the jury verdicts on damages?

In May of this year the Court examined and re-stated the law applicable to a motion for new trial based on the ground that the verdict was excessive, *Stewart v. Genesco*, Del.Supr., —— A.2d —— (1979); motion for reargument denied July 30, 1979; and there is no reason in this case to cover the same territory. Under *Stewart* and its predecessors, our role is to determine whether the Trial Judge's ruling that the verdicts were "so grossly excessive as to shock the Court's conscience" was an abuse of discretion. See *Riegel v. Aastad*, Del. Supr., 272 A.2d 715 (1970).

It appears that Dolinger's special damages amounted to about $8,200. He was severely burned by the explosion and, obviously, there was significant pain and suffering at that time, and for a long period thereafter. Immediate hospitalization followed and some fifteen months later there were surgical episodes involving grafting and other procedures to reduce the scar tissue resulting from the burns. All of this provided a basis for damages but, as we view the record, the most significant support for the jury verdict is found in the permanent nature of the scarring.

We have examined the photographs which show the scars and we have reviewed the testimony relating to them and their impact on Dolinger. Placing a monetary value on this kind of permanency is difficult, of course. Granting Dolinger every reasonable factual inference from the record, *Stewart v. Genesco*, supra, does the $60,000 verdict exceed what the record justifies as an absolute maximum? We conclude that it does not. This is to say that the award does not exceed such maximum for what Dolinger has experienced thus far, and for what he will have to face for the remainder of his life expectancy, more than forty years, whenever the upper part of his body is exposed to others under almost any circumstance. Clearly, the permanent nature of the scarring and its impact on Dolinger is a matter as to which reasonable persons may differ. Translating the conse-

quential damage over a lifetime into dollars is, in our view of this case, best left to the collective judgment of the twelve persons on the jury who saw the scars, heard the testimony and made a judgment about it.

Under the circumstances, we conclude that it cannot be judicially said that the jury verdict was so grossly excessive as to shock the Court's conscience. It therefore follows that the Trial Judge abused his discretion in ordering the remittitur.

As to Mrs. Dolinger's claim, there was evidence of a loss of consortium during her husband's recovery, and of considerable inconvenience while he was incapacitated. And she shares in his embarrassment over the scarring. It cannot be said, as a matter of law, that the jury verdict awarding her $5,000 was shockingly excessive.

### III

Defendant has filed a cross-appeal, alleging that plaintiffs' expert witness testified as to matters outside the scope of the subject matter identified in response to defendant's interrogatories, causing unfair prejudice and surprise. We have reviewed the relevant portions of the record and have concluded that there is no merit to the cross-appeal.

The judgment of the Superior Court is reversed, with directions to deny the motion for a new trial and to enter a judgment on the jury verdicts.