**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

JACOB MEYERS, by his natural      )
mother and next friend JANNA      )
LYNN MYERS, and individually,      )
     )
          Plaintiffs,      )
     )
        v.      )
     )
INTEL CORPORATION,      )    C.A. No. N11C-07-009
     )
          Defendant.      )

**OPINION**

Date Submitted: October 16, 2014
Date Decided: January 15, 2015

*Upon Defendant's Motion for Partial Judgment on the Pleadings with Regard to Plaintiffs' Request for Punitive Damages*: **DENIED.**

J. Zachary Haupt, Esquire (argued) and Ian Connor Bifferato, Esquire, Bifferato LLC, 800 N. King Street, Plaza Level, Wilmington, DE 19801, *Attorneys for Plaintiffs*.

Somers S. Price, Jr., Esquire and James M. Kron, Esquire, Potter Anderson & Corroon LLP, 1313 North Market Street 6th Floor, Wilmington, DE 19801, Patrick W. Dennis (*pro hac vice*) (argued), Perlete Michèle Jura (*pro hac vice*), and Beth A. Coombs (*pro hac vice*), Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Suite 4700, Los Angeles, CA 90071, *Attorneys for Defendant*.

# I. INTRODUCTION

Before the Court is Defendant Intel Corporation's ("Intel") Motion for Partial Judgment on the Pleadings with Regard to Plaintiffs' Request for Punitive Damages. Intel argues that Plaintiffs' request for punitive or exemplary damages[1] is untimely because under Colorado law exemplary damages may not be included in any initial claim for relief. Additionally, Intel contends that Plaintiffs do not presently have a legal or factual basis for requesting exemplary damages in their First Amended Complaint because they have not established prima facie proof of a triable issue, as required under Colorado law.

# II. FACTS

Jacob Meyers ("Jacob") was born in Colorado on April 19, 2002, with severe birth defects,[2] including partial agenesis of the corpus callosum and hydrocephalus.[3] Plaintiffs allege Jacob's birth defects were caused by "wrongful exposures to hazardous, genotoxic and reproductively toxic substances, pollutants

---

[1] In the instant motion, the Parties interchangeably use the terms punitive damages and exemplary damages. In Delaware and Colorado, punitive or exemplary damages are not compensatory in nature but are for the purpose of punishment of the wrongdoer and are recoverable where the defendant's conduct is willful or wanton. *See Bennett v. Greeley Gas Co.*, 969 P.2d 754, 761 (Colo. App. 1998); *Jardel Co. v. Hughes*, 523 A.2d 518, 529 (Del. 1987); *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983); Colo. Rev. Stat. Ann. § 13-21-102(1)(a). In Colorado "exemplary damages" are a creature of statute. *See* Colo. Rev. Stat. Ann. § 13-21-102. Since Intel is seeking partial judgment on the pleadings arguing that Colorado law controls, this motion will use the term "exemplary damages."

[2] First Am. Compl. ¶ 1 ("FAC") (Trans. ID. 43501350).

[3] *Id.* ¶ 32.

or contaminants," during Jacob's parents' ("Parents") employment with Intel,[4] especially while Jacob was *in utero*.[5] Although only Jacob's mother, Janna Meyers ("Mother"), is a party plaintiff, both Parents worked for Intel at its semiconductor manufacturing facilities in Oregon and Colorado.[6]

During Parents' employment with Intel, they worked in and around "clean rooms" and elsewhere at Intel's facilities where semiconductor "wafers," "microchips," and "boards" were manufactured for use in computers.[7] Plaintiffs allege Intel exposed Parents and Jacob *in utero* to several allegedly "reproductively toxic chemicals, processes, and/or substances," including gallium arsenide and trichloroethylene,[8] and that several chemicals used by Intel are known in the semiconductor industry to cause reproductive harm and lead to "adverse reproductive outcomes,"[9] such as spontaneous abortion, still birth, malformations,

---

[4] *Id.* ¶¶ 12, 30, 32.

[5] *Id.* ¶¶ 6, 16, 30–32.

[6] *Id.* ¶¶ 1–5. Jacob's father worked at Intel's Aloha, Oregon facility from 1995 through 2000, then at the Colorado Springs, Colorado facility from 2000 through 2007. Mother worked at two of Intel's Oregon facilities from 1996 through 2000, then transferred to Intel's Colorado Springs site where she remained until 2007. In 2007, Jacob and his family left Colorado and relocated to Arizona where they currently reside.

[7] *Id.* ¶ 10. A clean room is "a manufacturing area with particle counts less than or greater to 100 particles per cubic feet, of a particular size greater than 0.5 microns." *Tumlinson v. Adv. Micro Devices, Inc.*, 2012 WL 1415777, at *1, n. 2 (Del. Super. Jan. 6, 2012) (Silverman, J.).

[8] FAC ¶¶ 6, 50–63.

[9] *Id.* ¶¶ 50–63.

and birth defects.[10] Plaintiffs further allege their exposure and Jacob's resulting injuries were foreseeable, and could or should have been anticipated by Intel.[11]

Among other things, Plaintiffs allege Intel: failed to configure ventilation systems to protect against inhalation and/or skin exposure;[12] failed to warn its workers of the dangerous characteristics of the chemicals and substances and the health threats that they posed;[13] failed to test and study the chemicals to fully appreciate their capacity to cause reproductive harm;[14] made representations "incorrectly and untruthfully" that the chemicals and substances were safe and suitable for use;[15] assured its workers, including Parents, that adequate protections were in place to prevent any harm to them or their future offspring;[16] failed to meet "good occupational medicine practice" obligations within the semiconductor industry;[17] and, concealed from Parents that contact with these chemicals and substances posed severe health hazards to their offspring.[18]

---

[10] *Id.* ¶ 15.

[11] *Id.* ¶ 13.

[12] *Id.* ¶¶ 14, 64(g).

[13] *Id.* ¶ 17. Plaintiffs also allege the Material Safety Data Sheets supplied to Parents by Defendant did "not provide adequate information [for employees] to protect themselves from reproductive toxins." FAC ¶ 73.

[14] *Id.* ¶¶ 18–19.

[15] *Id.* ¶ 20.

[16] *Id.* ¶¶ 20, 42–43.

[17] *Id.* ¶¶ 64–73. One of the many other breaches alleged in ¶ 64, is Defendant's failure to institute an adequate "healthy pregnancy" program. FAC ¶ 64(i).

[18] *Id.* ¶¶ 21–22, 44. Plaintiffs further allege that health service providers employed by Defendant "concealed and suppressed material facts . . . regarding the reproductively toxic nature of [Defendant's] manufacturing chemicals and processes," and "falsely represented to [Parents] that

Plaintiffs expressly state in the FAC that they "*do not allege direct injuries or causes of action by the Parents or [Mother]. Rather [Mother's] claims are [] derivative of the direct claims by [Jacob] and against Defendants [sic]*."[19] Further, Plaintiffs expressly allege "[a]ny exposure by the Parents or [Mother …] that contributed to, caused or resulted in the injuries to [Jacob] did not manifest damage to [Mother] until her child was born with injuries caused by the exposures."[20]

Based on the above exposure to Parents and Jacob *in utero*, Plaintiffs assert claims of: (1) negligence, (2) premises liability, (3) strict liability, (4) abnormally dangerous/ultra hazardous activity, (5) willful, wanton, and intentional conduct, (6) breach of an assumed duty, and (7) loss of consortium.[21]

## III. PROCEDURAL HISTORY

On July 10, 2013, Intel filed a Motion to Dismiss Plaintiffs' FAC for failure to state a claim.[22] Intel argued that Colorado law controlled, and therefore Plaintiffs' claims were not recognized by Colorado, were excluded by Colorado's Premises Liability State, and/or Plaintiffs failed to allege required elements of their

---

there was no causal connection" between chemical exposures at Defendant's facilities and Jacob's injuries. FAC ¶¶ 67–70.

[19] *Id*. (emphasis added).

[20] *Id*. ¶ 31.

[21] *Id.* ¶¶ 61–106.

[22] Mot. Dismiss (Trans. ID. 44380850).

claims. On October 9, 2013, this Court determined that Colorado law governed this action and denied Intel's Motion to Dismiss.[23]

## IV. PARTIES' CONTENTIONS

Intel now moves for partial judgment on the pleadings arguing that Plaintiffs' request for exemplary damages in their FAC is untimely because Colorado's exemplary damages statute provides that a claim for exemplary damages "may not be included in any initial claim for relief."[24]

In response, Plaintiffs assert that the law of the forum governs pleading requirements, and inclusion of a demand for exemplary damages is consistent with the pleading requirements under Delaware Superior Court Civil Rule 8.[25] Further, Plaintiffs argue that even if the Colorado pleading provision is applicable, Plaintiffs' claim for exemplary damages was already challenged and subject to dismissal in Intel's motion to dismiss, and Intel should not be permitted to recast its argument.[26]

---

[23] *Meyers v. Intel Corp.*, 2013 WL 5803998 (Del. Super. Oct. 9, 2013).
[24] Defendant's Motion for Partial Judgment on the Pleadings with Regard to Plaintiffs' Request for Punitive Damages at 3 ("Mot. Partial J. Pleadings") (Trans. ID. 55590609).
[25] Plaintiffs' Opposition to Defendant's Motion for Partial Judgment on the Pleadings with Regard to Plaintiffs' Request for Punitive Damages at 2 ("Pls.' Opp'n Mot. Partial J. Pleadings") (Trans. ID. 56035467). *See* Super. Ct. Civ. R. 8 ("A pleading . . . shall contain . . . a demand for judgment for the relief to which the party deems itself entitled. Relief in the alternative or of several different types may be demanded.").
[26] *Id.* at 3.

## V.  STANDARD OF REVIEW

In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), the court must "view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party."[27] The Court may only grant a motion for judgment on the pleadings "when no material issue of fact exists and the movant is entitled to judgment as a matter of law."[28]

## VI.  DISCUSSION

This Court has determined that the law of Colorado will apply to substantive matters in this action.[29] However, the law of the forum state generally governs procedural matters, regardless of which state's substantive law is used.[30] The Restatement Second of Conflict of Laws explains that:

> Enormous burdens are avoided when a court applies its own rules, rather than the rules of another state, to issues relating to judicial administration, such as the proper form of action, service of process, pleading, rules of discovery, mode of trial and execution and costs. Furthermore, the burdens the court spares itself would have been wasted effort in most instances, because usually the decision in the case would not be altered by applying the other state's rules of judicial administration. Even if the outcome would be altered, however the fourm will usually apply its won rule if the issue primarily concerns judicial administration.[31]

---

[27] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).
[28] *Id.*
[29] *See Meyers v. Intel Corp.*, 2013 WL 5803998 (Del. Super. Oct. 9, 2013).
[30] *Chaplake Holdings, LTD. v. Chrysler Corp.*, 766 A.2d 1, 5 (Del. 2001) (citing *Connell v. Delaware Aircraft Indus.*, 55 A.2d 637, 640 (Del. Super. 1947)).
[31] RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 122 (1971).

An exception to this rule exists when "the procedural rule of the foreign state is 'so inseparably interwoven with the substantive rights as to render a modification of the foregoing rule necessary, lest a party be thereby deprived of his legal rights. In such a case, the procedural law of the foreign state will control.'"[32] Delaware Courts have explained that the "[c]ore analysis of the question whether a forum rule applies in the adjudication of a foreign law claim is . . . to ask whether the issue is one that constitutes or is vitally bound up with the adjudication of the asserted substantive right."[33]

## 1. Colorado's Exemplary Damages Statute

Section 13-21-102(1.5)(a) of the Colorado Revised Statutes ("Exemplary Damages statute") provides that a request for exemplary damages may not be made in the initial complaint, it may be asserted only by amendment after the completion of discovery.[34] The statute also conditions any such request upon a plaintiff's showing of prima facie proof of a triable issue.[35] Colorado defines a triable issue as "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution."[36]

---

[32] *Monsanto Co. v. Aetna Cas. & Sur. Co.*, 1993 WL 563244 (Del. Super. Dec. 21, 1993) (quoting *Connell*, 55 A.2d at 640); *Chaplake Holdings*, 766 A.2d at 5 (citing *Monsanto*, 1994 WL 317557 at *4)).

[33] *El Paso Natural Gas Co. v. Amoco Prod. Co.*, 1994 WL 728816, at *4 (Del. Ch. Dec. 16, 1994).

[34] Colo. Rev. Stat. Ann. § 13-21-102(1.5)(a).

[35] *Id.*

[36] *Leidhold v. Dist. Ct.*, 619 P.2d 768, 771 n.3 (Colo. 1980).

Intel seeks to apply the procedural rules of Colorado's Exemplary Damages statute, arguing that the requirement of a showing of prima facie proof is a "heightened standard of proof," and is therefore inseparably interwoven with the substantive rights under Colorado law.[37] Intel contends that this heightened standard of proof demonstrates that the provision is bound up with Colorado's policy of deterring frivolous assertions of entitlement to exemplary damages.[38]

However, the Court is not persuaded that Colorado's substantive law is so intertwined with Colorado's rules for pleading exemplary damages. Although Colorado's rules for pleading exemplary damages differs from Delaware's notice pleading standards, applying Delaware's notice pleading standards does not deprive Intel of its legal rights. "Use of forum pleading rules 'tends to be efficient, as the forum law is to some extent already known and applying it thus involves little learning costs.'"[39] In the underlying action, Delaware's notice pleading standards served to put Intel on notice of the claim being brought against it and prevent unfair surprise.[40]

Further, Intel only argues that Plaintiffs' request for exemplary damages is untimely and that Plaintiffs must file a motion to amend their complaint and make

---

[37] Hearing Transcript at 8 (Sept. 19, 2014) (Trans. ID. 56207496).
[38] *Id.*
[39] *Kramer v. Am. Pac. Corp.*, 1998 WL 442766, at *3 (Del. Super. July 28, 1998) (quoting *El Paso Natural*, 1994 WL 728816, at *4).
[40] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003); *Griffin Corporate Services, LLC v. Jacobs*, 2005 WL 2000775, at *4 (Del. Ch. Aug. 11, 2005).

a prima facie showing of triable issue. Therefore, resolving this motion in Intel's favor will not adjudicate the issue of whether Plaintiffs have sufficiently pled exemplary damages.[41] Intel had the opportunity to challenge the sufficiency of Plaintiffs' claim for exemplary damages in its motion to dismiss, yet failed to do so.

## 2. Burden of Proof

In addition to the Exemplary Damages statute, Colorado has a rule of procedure governing the degree of proof required for an award of exemplary damages.[42] Under Colorado law, "[e]xemplary damages require parties to establish the requisite attendant circumstances beyond a reasonable doubt."[43] Generally, burden of proof is considered a procedural issue and the forum will apply its burden of proof unless the "primary purpose of the relevant rule of the state of the otherwise applicable law is to affect decision of the issue rather than to regulate conduct of the trial."[44]

In *Monsanto v. Aetna Casualty & Surety Company, et el*, the Superior Court of Delaware applied Missouri law to substantive issues and also applied Missouri's

---

[41] *See Chubb Custom Ins. Co. v. Nutri/Sys., L.P.*, 1999 WL 743258 (Del. Super. May 19, 1999); *El Paso*, 1994 WL 728816 (Del. Ch. Dec. 16, 1994); *Kramer v. Am. Pac. Corp.*, 1998 WL 442766 (Del. Super. July 28, 1998).

[42] Colo. Rev. Stat. Ann. § 13-25-127(2).

[43] *Metro. Prop. & Cas. Ins. Co. v. Cullen*, 2014 WL 3932246, at *1 (D. Colo. Aug. 12, 2014); Colo. Rev. Stat. Ann. § 13-25-127(2).

[44] *Monsanto*, 1993 WL 563244 at *3 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 133 (1971)).

heightened burden of proof because it was so "inseparably interwoven with substantive rights under Missouri law."[45] The Court reasoned that Missouri's allocation of the burden of proof was designed primary to affect the outcome of the trial rights because "[i]f the plaintiff does not meet the heightened showing, the trial's outcome is affected," and is therefore intertwined with the outcome of trial.[46]

In Delaware, exemplary or punitive damages are recoverable where the defendant's conduct exhibits a wanton or willful disregard for the rights of the plaintiff.[47] This proof must be by the preponderance of the evidence.[48] To meet Colorado's burden of persuasion for exemplary damages, Plaintiff must present proof that is more conclusive than the level of proof required under Delaware's preponderance standard. Thus, Colorado's heightened level of proof is intertwined with the outcome of trial concerning exemplary damages, and this Court will apply Colorado's beyond a reasonable doubt standard of proof in this case.

The Court will defer until summary judgment the determination of whether evidence is sufficient to support an award of exemplary damages.

---

[45] *Id.* at *3. The Court reasoned that "[w]hen a rule singles out a narrow issue and gives the issue special treatment, the rule may be designed to affect the trial's outcome." *Id.*
[46] *Id.*
[47] *Cloroben Chem. Corp. v. Comegys*, 464 A.2d 887, 891 (Del. 1983) (citing *Riegal v. Aastad*, Del. Super., 272 A.2d 715, 718 (1970)).
[48] *Id.*

## VII.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Judgment on the Pleadings with Regard to Plaintiffs' Request for Punitive Damages is **DENIED**.

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge